[Civ. No. 33224. Fourth Dist., Div. Two. May 18, 1984.]

GHAZI NASSER, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
JOSEPH GAYDOS et al., Real Parties in Interest.

COUNSEL

Jere Lamont Fox for Petitioner.

No appearance for Respondent.

Richard C. Watts and Watts & Watts for Real Parties in Interest.

OPINION

**MORRIS, P. J.**—Petitioner seeks a peremptory writ of mandate to vacate an order of the respondent court denying attorney fees under Civil Code section 1717.[1] This court granted an alternative writ. We are now persuaded that the peremptory writ should be denied.

FACTS

Petitioner, Ghazi Nasser, operates a market on leased premises in the City of Fontana. His landlords are Joseph and Nathalie Gaydos, the real

---

[1]All statutory references are to the Civil Code unless otherwise stated.

parties in interest (hereafter lessors). Petitioner's lease was for a term of five years, with a three-year option to renew. The rent during the five-year period was $350 for the first 24 months and $400 for the last 36 months. The lease agreement provided that the increase in rent during the option period "shall be in accord with the increase in the general cost of living index as published by responsible authorities."

Lessors notified petitioner that the five-year lease would soon expire, and offered a rent of $1,500 per month for the option period. Petitioner provided timely notice of his intention to exercise the option and offered $565 per month. After further negotiations, lessors agreed to accept $565, but proposed terms in connection with the cost of living increases which were unacceptable to petitioner.

Unable to strike an agreement with petitioner, lessors commenced an action for unlawful detainer. Petitioner filed a separate action for declaratory relief which was consolidated with lessors' action. Petitioner asked for attorney fees under section 1717. The lease contained a unilateral attorney fee provision which read: "That, in case the lessor prevails in any suit or action brought by lessor under this lease, the lessee shall be liable to the lessor for the fees of lessors['] attorney in such suit or action, in an amount as the Court may adjudge reasonable as attorney's fees in said suit or action, and the amount so allowed for fees shall be taxed as a part of the costs of such suit."

Following a trial, the court stated: "So it is the holding of the Court that this is an enforceable option agreement; that it was the intent of the parties that the original terms and conditions of the lease should continue for a period of three years; that the parties intended to agree upon an increase of rent based upon the Consumer Price Index, cost-of-living increase, as reflected therein; that the appropriate schedule would be as I have indicated with a 68.51 percent increase on the monthly rate of $400; and that it should be on an annual review thereafter, the rent should be increased pursuant to any increase in the Consumer Price Index." The new monthly rental was thus established at $674.

Petitioner filed a motion under section 1717 for attorney fees as the prevailing party in both actions, and the court entered the following orders with respect to the two lawsuits:

(1) Unlawful Detainer: "Court finds that [petitioner is the] prevailing part[y] and costs are allowed including reasonable attorney fees. . . ."

(2) Declaratory Relief: "Court finds that neither party prevailed and that although the Court allows costs of suit [to petitioner], this shall not include attorney fees."

Petitioner contends the declaratory relief order constituted an abuse of discretion in light of section 1717.

## DISCUSSION

### I

Section 1717 reads in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit.

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(b)(1) The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the prevailing party shall be the party who is entitled to recover costs of suit."[2]

■ Absent an agreement or statute, a party is generally precluded from recovery of attorney fees. (E.g., *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 127-128 [158 Cal.Rptr. 1, 599 P.2d 83].) "Section 1717 was enacted to transform a unilateral contract right to attorney's fees into a reciprocal provision. As a statutory modification of unilateral attorneys' fees provisions, section 1717 was designed to accomplish mutuality of remedy." (*Smith* v. *Krueger* (1983) 150 Cal.App.3d 752, 756 [198 Cal.Rptr. 174].)

---

[2]Paragraph (2) provides: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.

"Where the defendant alleges in his or her answer that he or she tendered to the plaintiff the full amount to which he or she was entitled, and thereupon deposits in court, for the plaintiff, the amount so tendered, and the allegation is found to be true, then the defendant is deemed to be a prevailing party within the meaning of this section."

## II

Petitioner contends:

(1) In an action on a contract within the purview of section 1717, upon proper notice and motion, the trial court must determine that *one* party prevailed.

(2) Under a reasonable interpretation of section 1717, when a litigant is awarded costs of suit, he must automatically be declared the prevailing party.

In addressing these contentions, lessors maintain:

(1) Under section 1717 there need not always be one prevailing party upon final judgment.

(2) Since an award of costs is discretionary under Code of Civil Procedure section 1032, subdivision (c), a logical interpretation of section 1717 does not yield the conclusion that a litigant who received costs is automatically the prevailing party.

## III

A. Must one party prevail?

 Petitioner's first contention is directed at the opening sentence of subdivision (b)(1) of section 1717 which reads: "The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment." (§ 1717, subd. (b)(1).) Petitioner contends that the language "shall determine" requires the trial court to declare one prevailing party in all cases.

That language was added by the 1981 amendment to section 1717 which was effective on January 1, 1982. Prior to the amendment of this section, the prevailing party was defined as the recipient of a favorable final judgment.[3] " "The current version of the statute, however, eliminates that defi-

---

[3]Prior to the amendment the section provided in pertinent part as follows: "In any action on a contract, where such contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

" . . . . . . . . . . . . . . . . . . . . . . . . .

"As used in this section 'prevailing party' means the party in whose favor *final judgment* is rendered." (Italics added.)

nition and requires the trial court to determine who is the prevailing party, upon notice and motion by a party, regardless of whether the suit proceeds to final judgment.'" (*Smith* v. *Krueger, supra,* 150 Cal.App.3d at p. 756.) This portion of the amendment appears to be a direct legislative response to *Samuels* v. *Sabith* (1976) 62 Cal.App.3d 335, 340 [133 Cal.Rptr. 74], which held that a dismissal for want of prosecution was not a final judgment within the meaning of section 1717. (*Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 15-16 [186 Cal.Rptr. 695].)

Citing *Kytasty* v. *Godwin* (1980) 102 Cal.App.3d 762 [162 Cal.Rptr. 556], lessors argue that the trial court may, in an appropriate case, declare that neither party prevailed. The *Kytasty* court held that since the trial court's judgment had both positive and negative ramifications, attorney fees were properly denied because neither party prevailed. (*Kytasty* v. *Godwin, supra,* 102 Cal.App.3d at p. 774.)

Since *Kytasty* was decided before the 1981 amendment, under a version of the statute which did not contain the provision that the trial court, acting upon a proper and noticed motion, "shall determine" who is the prevailing party, it is necessary to determine whether the amendment limited the court's discretion as petitioner contends.

In discussing the use of the word "shall," Webster's Third New International Dictionary (1964) at page 2085 states: "Used in laws, regulations, or directives to express what is mandatory . . . ." ■ However, the word "shall," as used in statutes, does not in every instance compel a mandatory interpretation; the issue is answered by examining legislative intent. (*People* v. *Superior Court (Mahle, Jr.)* (1970) 3 Cal.App.3d 476, 485-486 [83 Cal.Rptr. 771].)

■ A fundamental rule of statutory construction directs us to look to the intention of the Legislature (e.g., *Adams* v. *Superior Court* (1970) 8 Cal.App.3d 569, 571 [87 Cal.Rptr. 667]) and where appropriate seek guidance from statutory history, committee reports, legislative debates and statements to the voters on initiative and referendum measures (*Noroian* v. *Department of Administration* (1970) 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889]). We must also endeavor to give effect to every word, phrase and sentence of a statute in pursuance of the legislative purpose. (*Cannon* v. *American Hydrocarbon Corp.* (1970) 4 Cal.App.3d 639, 648 [84 Cal.Rptr. 575].)

■ We have examined the available materials and have found no indication that by amendment of section 1717, the Legislature intended that the trial court shall determine one prevailing party in every case. By adding

subdivision (b)(1) of section 1717, the Legislature was clearly seeking to delete the provision which had required a final judgment before a litigant could be judicially declared a prevailing party. (See *Bank of Idaho* v. *Pine Avenue Associates, supra,* 137 Cal.App.3d 5, 15-16.) Since the Legislature undoubtedly intended to correct the final judgment problem, and there is no discernible intent to impose a mandatory duty to declare one prevailing party in cases where the victory and loss is evenly divided, we conclude the word "shall," as used in this context, is mandatory only to the extent that it requires the court to make a "determination" as to the prevailing party.

■ Our conclusion is supported by another rule of statutory construction that words used in a statute should be read in light of their ordinary meaning with particular attention to the avoidance of absurd consequences. (*In re Karph* (1970) 10 Cal.App.3d 355, 366 [88 Cal.Rptr. 895].)

■ Under subdivision (b)(1) of section 1717 the court *must* make a determination of the prevailing party upon a proper notice and motion. However, the use of the word "shall" in this context does not strip the court of its power to determine that neither party prevailed. Requiring a determination for one party or the other in every case would encourage absurd results for if the court determines that neither party actually prevailed it would be unreasonable to award attorney fees. The fact that neither party prevailed in a given case is a result of the very "determination" which subdivision (b)(1) of section 1717 commands the court to make. Having made its determination, the court has satisfied the legislative mandate.

## B. Was there an abuse of discretion?

■ We turn now to consider whether the trial court's ruling that neither party prevailed constituted an abuse of discretion. ■ As this court recently noted in *Smith* v. *Kruger, supra,* 150 Cal.App.3d 752, the trial court " 'is given wide discretion in determining which party has prevailed on its cause(s) of action. Such a determination will not be disturbed on appeal absent a clear abuse of discretion.' " (*Smith* v. *Krueger, supra,* 150 Cal.App.3d at pp. 756-757.) Also, " '[e]nactment of section 1717 commands that equitable considerations must rise over formal ones. Building a reciprocal right to attorney fees into contracts, and prohibiting its waiver, the section reflects legislative intent that equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction.' " (*Bank of Idaho* v. *Pine Avenue Associates, supra,* 137 Cal.App.3d at p. 17.)

■ The record of petitioner's declaratory relief action indicates that he filed suit to validate his option and establish a monthly rental during the

extension period. Although the option was validated, petitioner was forced to pay a rental amount higher than he requested in his declaratory relief action and higher than previously offered. (*Ante,* at p. 55.) Since the judgment "must be considered good news and bad news as to each of the parties" (*Kytasty* v. *Godwin, supra,* 102 Cal.App.3d at p. 774), we conclude the trial court's exercise of discretion was reasonable.

## C. Does an award of costs determine the prevailing party?

Although petitioner was not declared the prevailing party in his action for declaratory relief, he was awarded costs. On appeal, the trial court filed, at lessors' request, a written declaration which reads in pertinent part:

"[T]he court allowed costs on the declaratory relief action exclusive of attorney's fees, and in doing so, did not intend, by giving those costs, to include the attorney's fees. . . .

". . . . . . . . . . . . . . . . . . . . . .

"It was not the intention by awarding costs of suit to determine a prevailing party.

"It was not the court's understanding at that time that by awarding costs of suit, a determination of a prevailing party was made."

■ Petitioner contends that by virtue of the award of costs, he must be declared the prevailing party. Petitioner bases this contention on the second sentence of subdivision (b)(1) of section 1717 which reads: "Except as provided in paragraph (2), the prevailing party shall be the party who is entitled to recover costs of suit."[4]

An award of costs under Code of Civil Procedure section 1032 is discretionary except in actions enumerated in subdivisions (a) and (b). The instant action would seem to fall within subdivision (c) of section 1032 which reads: "In other actions than those mentioned in this section costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."

---

[4]Paragraph 2 of section 1717 is not pertinent to this contention. (*Ante,* fn. 2.)

The second sentence of subdivision (b)(1) of section 1717 appears to have been directed to those cases which would otherwise be discretionary under Code of Civil Procedure section 1032, subdivision (c). Thus, the statutory language simply means that when the court has declared a prevailing party under section 1717, the party who is determined to have prevailed is entitled to costs as a matter of course.

However, there is nothing to suggest that the Legislature intended that a discretionary award of costs under subdivision (c) of Code of Civil Procedure section 1032 should automatically elevate the litigant to prevailing status.[5] The plain meaning of the statutory language militates against such an interpretation.

The contention also finds no support in a prior version of the amendment which read: "The court shall determine who is the prevailing party who shall be the party who is entitled to recover his or her costs of suit." (Assem. Amend. to Sen. Bill. No. 1028 (1981 Reg. Sess.) August 11, 1981.) In light of the similar language employed in the Senate version of the amendment, petitioner's contention remains unpersuasive.

Moreover, in this case, the court awarded costs before the section 1717 motion was filed. The construction urged by petitioner would deprive opposing parties of the opportunity to subsequently present effective argument concerning the prevailing party issue, for the matter will have been predetermined by the costs award. Although as a practical matter, a litigant who receives costs will usually be determined to be the prevailing party, we are not prepared to hold that the trial court is deprived of its discretion to later find that neither party prevailed for purposes of section 1717.

Where the court determines that neither party prevailed, as here, an award of costs remains discretionary in cases falling under subdivision (c) of Code of Civil Procedure section 1032.

---

[5]The defect in such reasoning is illustrated by the model syllogism recited in lessors' points and authorities:
"It is raining, therefore, the ground is wet."
However, it does not follow that:
"If the ground is wet, it is raining."
Similarly, although the prevailing party shall receive costs, it does not follow that the party receiving such costs shall prevail.

## DISPOSITION

The alternative writ of mandate, having served its purpose, is discharged. The peremptory writ is denied.

Kaufman J., and Rickles J., concurred.