[No. G009083. Fourth Dist., Div. Three. June 28, 1991.]

McLARAND, VASQUEZ & PARTNERS, INC., Plaintiff, Cross-defendant and Appellant, v.
DOWNEY SAVINGS & LOAN ASSOCIATION, Defendant, Cross-complainant and Appellant.

COUNSEL

Urland, Morello, Dunn & Maynard, Randall S. Waier and Michael S. Langford for Plaintiff, Cross-defendant and Appellant.

McKenna, Conner & Cuneo, McKenna & Fitting, Aaron M. Peck, Terry O. Kelly, Bryan H. Baumeister, Horvitz & Levy, Ellis J. Horvitz and Mitchell C. Tilner for Defendant, Cross-complainant and Appellant.

OPINION

**WALLIN, J.**—Following a jury trial both McLarand, Vasquez & Partners, Inc. (McLarand), and Downey Savings & Loan Association (Downey) were denied relief on the complaint and cross-complaint they brought against each other. Both sought costs and attorneys' fees. The trial court awarded costs to Downey but denied its attorneys' fees; it denied both to McLarand. On appeal McLarand contends it, too, was a prevailing party at trial and is entitled to costs and attorneys' fees. Downey separately appeals, contending the trial court abused its discretion in denying its attorneys' fees. We affirm.

McLarand, an architectural design firm, entered into a contract with Downey for the design of an office building in Newport Beach. By its first amended complaint filed in September 1988, McLarand sought $29,598.02 in general and compensatory damages from Downey for breach of the

contract and related claims. It also sought punitive damages in an unspecified amount for tortious denial of the contract. Downey filed a cross-complaint against McLarand seeking $3.5 million in damages for breach of the contract, negligence, interference with contractual relationship and prospective economic advantage. Downey also sought an unspecified amount of punitive damages. Following a jury trial, general verdicts denying relief to both parties were entered.

McLarand filed its memorandum of costs under Code of Civil Procedure section 1032[1] seeking $87,576.01. It also filed a motion seeking attorneys' fees of $391,548.55. Downey filed its memorandum of costs seeking $1,017,545.30, which included $865,300.46 in attorneys' fees and $117,335.55 in litigation expenses incurred "pursuant to the Professional Services Contract." Each filed motions to tax costs submitted by the other. The trial court awarded Downey its costs, excluding attorneys' fees, and denied McLarand's costs and attorneys' fees.

I

■ McLarand contends it is statutorily entitled under section 1032 to its costs because it was the prevailing party on Downey's cross-complaint. Section 1032 provides in pertinent part: "(a) As used in this section, unless the context clearly requires otherwise: [¶] (1) 'Complaint' includes a cross-complaint. [¶] (2) 'Defendant' includes a cross-defendant or a person against whom a complaint is filed. [¶] (3) 'Plaintiff' includes a cross-complainant or a party who files a complaint in intervention. [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. . . . [¶] (b) Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

McLarand argues that when a defendant files a cross-complaint against a plaintiff, and neither party prevails on its action, both parties are "prevailing parties" under section 1032 and both are entitled to an award of costs. We disagree. The practical effect of such a result would be to conclude the prevailing party is the one who spends the most, for only that party would recover anything after the claims were offset. ■ It is fundamental that a statute should not be interpreted in a manner that would lead to absurd results. (*People* v. *Morris* (1988) 46 Cal.3d 1, 15 [249 Cal.Rptr. 119, 756

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specified.

P.2d 843]; *People* v. *Wilson* (1989) 208 Cal.App.3d 611, 615 [256 Cal.Rptr. 422].)

■ In support of its contention McLarand urges we read into the third phrase of section 1032, subdivision (a)(4), the definitions set forth in subdivisions (a)(1), (2) and (3). When so considered, that phrase would read, " 'Prevailing party' includes . . . a [cross-defendant] where neither [cross-complainant] nor [cross-defendant] obtains any relief . . . ." McLarand's interpretation of the statute ignores the opening phrase of the statute itself. Section 1032 provides that the definitions of defendant and plaintiff include a cross-defendant and cross-complainant, respectively, *unless the context clearly requires otherwise.* (§ 1032, subd. (a).) Clearly the context requires otherwise here. The phrase "a defendant where neither the plaintiff nor the defendant obtains any relief" cannot be interpreted as McLarand urges. A defendant cannot obtain relief unless it files a cross-complaint against the plaintiff because affirmative relief cannot be claimed in the answer. (§ 431.30, subd. (c).) The statute, therefore, already contemplates that when neither the plaintiff nor the defendant who has filed a cross-complaint prevails, the defendant is the prevailing party entitled to costs.

■ A fundamental tenet of statutory construction is that, if possible, significance should be attributed to every word, phrase and sentence of an act. (*DeYoung* v. *City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) ■ If the statute were to be read as McLarand urges, section 1032, subdivision (a)(4) would simply read "a defendant when the plaintiff does not obtain relief." The reference to a defendant who obtains no relief would be meaningless.

Our interpretation of section 1032 is consistent with existing case law. The current version of section 1032 was enacted in 1986. However, former section 1032 similarly provided for the award of costs as a matter of course to a plaintiff or a defendant in certain enumerated circumstances, although it made no mention of award of costs to cross-defendants or cross-complainants. (§ 1032, added by Stats. 1986, ch. 377, § 6, p. 1578.) Nevertheless, before the 1986 statutory change, it was undisputed that a plaintiff who successfully defended a cross-complaint but was unsuccessful on its complaint was not the prevailing party for the award of costs. In *Schrader* v. *Neville* (1949) 34 Cal.2d 112 [207 P.2d 1057], the plaintiffs sued the defendants for damages sustained in an automobile accident. The defendants cross-complained for damages resulting from the same accident. The jury returned a verdict denying relief to both. The trial court awarded the plaintiffs their costs because they had prevailed on the cross-complaint. The Supreme Court reversed, holding the defendants were the prevailing party

under the circumstances. (*Id.* at p. 115.) The court reasoned that had the plaintiffs not commenced the litigation by filing their complaint, the defendants might never have filed suit. Once the plaintiffs filed suit, however, the defendants were compelled to assert their claims against them. Therefore, although the defendants did not prevail on their cross-complaint, they were the prevailing party because the plaintiffs were denied recovery on their complaint. Inherent in this reasoning is the conclusion that in such circumstances, both parties cannot be deemed prevailing parties. (*Ibid.* See also *Gerstein* v. *Smirl* (1945) 70 Cal.App.2d 238 [160 P.2d 585], which on similar facts upheld an award of costs to the defendant as the prevailing party.)

McLarand contends the rule established by *Schrader* is not applicable because section 1032 was repealed and reenacted in 1986 and the new section 1032 specifically provides for award of costs to both the defendant and the plaintiff when neither prevails in its action. We disagree. Nothing in the legislative documents submitted by the parties suggests it was the intent of the Legislature to overturn *Schrader*; in fact, there is no discussion whatsoever of the reasons for adding the new definitions of plaintiff and defendant. Neither does it appear from the face of the enactment that such a change of existing law was intended.

██ The Legislature is deemed to be aware of existing judicial decisions interpreting a statute at the time legislation is enacted and to have enacted and amended statutes in light of such decisions. (*Viking Pools, Inc.* v. *Maloney* (1989) 48 Cal.3d 602, 609 [257 Cal.Rptr. 320, 770 P.2d 732].) Furthermore, legislative enactments will not be construed so as "to overthrow long-established principles of law unless such [an] intention is made clearly to appear either by express declaration or by necessary implication." (*People* v. *Cardenas* (1982) 31 Cal.3d 897, 914 [184 Cal.Rptr. 165, 647 P.2d 569], internal quotation marks omitted.) ██ We read section 1032 as consistent with *Schrader*: The phrase "a defendant where neither plaintiff nor defendant obtains any relief" compels the conclusion that a defendant in this context does not include the plaintiff as a cross-defendant.[2]

## II

██ Each party contends the trial court erred in failing to award its attorneys' fees as an item of costs. Civil Code section 1717 states when a

---

[2]McLarand also urges *Schrader* and *Gerstein* are inapplicable because they dealt with the award of costs in a tort case and this is a contract claim. This is a distinction without meaning. Were we addressing the award of attorneys' fees under Civil Code section 1717, perhaps the distinction would be of importance, but we find no basis for concluding the cases are inapplicable to the determination of the prevailing party for the award of costs in general. We similarly find irrelevant the distinction that *Schrader* and *Gerstein* involved a single verdict while the present case involved two verdicts.

contract provides for the payment of attorneys' fees, as this contract did, the prevailing party on the contract shall be entitled to reasonable attorneys' fees as an element of costs of suit.

We emphatically reject the contention that the prevailing party for the award of costs under section 1032 is necessarily the prevailing party for the award of attorneys' fees. Civil Code section 1717 declares the party recovering a greater relief in the action on the contract is the prevailing party. But it further provides the trial court may *"determine that there is no party prevailing on the contract for purposes of [section 1717]."* (Civ. Code, § 1717, subd. (b)(1), italics added.)

In *Public Employees' Retirement System* v. *Winston* (1989) 209 Cal.App.3d 205 [258 Cal.Rptr. 612], the court resolved certain issues on appeal in favor of the defendant. It concluded that as a result, the defendant was entitled to a money judgment in his favor which would make him the prevailing party under section 1032, subdivision (a)(4). It directed the trial court on remand to assess costs in favor of the defendant. (*Public Employees' Retirement System* v. *Winston, supra*, 209 Cal.App.3d at p. 212.) It also noted if Winston were deemed the prevailing party on the contract under Civil Code section 1717 he would also be entitled to attorneys' fees. However, because the trial court had the discretion to find no party prevailed on the contract, the court remanded and directed the trial court to make a determination. (*Ibid.*) Similarly, Downey's entitlement to costs under section 1032 does not automatically entitle it to attorneys' fees.

■ The trial court's determination that there was no prevailing party on the contract is an exercise of discretion. We will disturb it only if there has been a clear showing of an abuse of that discretion. (See *Nasser* v. *Superior Court* (1984) 156 Cal.App.3d 52, 59 [202 Cal.Rptr. 552]; *Smith* v. *Krueger* (1983) 150 Cal.App.3d 752, 756-757 [198 Cal.Rptr. 174].)

■ Here each party sued the other claiming breach of contract, but neither party prevailed. The jury found there had been no breach by either party and denied all relief. McLarand initiated the litigation; Downey's cross-complaint, which was aggressively pursued through trial, set forth claims which otherwise would have been foreclosed. The trial court apparently concluded that fairness dictated each side should pay its own attorneys' fees. (See *Lanyi* v. *Goldblum* (1986)177 Cal.App.3d 181, 192 [223 Cal.Rptr. 32].) This was a proper exercise of discretion.

The judgment is affirmed. The parties are to bear their own costs and attorneys' fees on appeal.

Crosby, Acting P. J., and Moore, J., concurred.

A petition for a rehearing was denied July 19, 1991.