[No. G012381. Fourth Dist., Div. Three. Feb. 26, 1993.]

DEANE GARDENHOME ASSOCIATION, Plaintiff and Respondent, v. HALUK H. DENKTAS et al., Defendants and Appellants.

**COUNSEL**

Dawson & Dawson and Keith A. Dawson for Defendants and Appellants.

George L. Rogers and Ralph R. Loyd for Plaintiff and Respondent.

**OPINION**

**WALLIN, J.**—Deane Gardenhome Association (the Association) filed suit against Haluk and Mary Denktas for injunctive relief and damages after the Denktases allegedly painted their house in violation of the Association's

restrictive covenants (CC&R's) encumbering the Denktases' property. The CC&R's contained an attorney fees provision. The trial court entered judgment in favor of the Denktases, but denied their request for attorney fees. The Denktases appeal, contending the trial court abused its discretion. We reverse and remand with directions.

The Denktases were homeowners in a Huntington Beach development governed by the Association and covered by CC&R's recorded in 1982.[1] The CC&R's required homeowners to obtain approval of the Association's architectural review committee before painting the exterior of the house and restricted the color choices to those approved by the Association. The Denktases hired a painter to paint their house pink and green. The painter took paint samples to the Association's president to obtain his approval of the colors. The president approved the green shade but admonished the painter to "tone down" the pink shade. The painter returned with a different shade of pink which was approved by the president.

After the Denktases painted their house, the Association advised them that the colors were unacceptable and the house would have to be repainted. The Association denied that its president had approved the selected colors. Haluk Denktas responded with a letter to the Association stating he would not repaint his house. He warned, "I certainly hope that the Association does not attempt to do a foolish thing like repinting [sic] any of the walls. Such encroachment in to [sic] my property is not within the provisions of the CC&R's and will be cosidered [sic] as trespassing and will be delt [sic] with swiftly and with extreme prejudice." The cost of repainting the house would have been between $1,500 and $1,800.

The Association filed its complaint seeking injunctive relief, damages, costs and attorney fees, provided for in the CC&R's.[2] In its trial brief the Association stated it was seeking $16,708 in attorney fees incurred up to the time of trial. The trial court ruled in favor of the Denktases, concluding the Association's president had approved the color choice. The Association did not appeal.

Subsequently, the Denktases filed a motion seeking an award of $11,533 in attorney fees. The trial court denied their request noting, "I remember I

[1]Apparently before trial the Denktases sold their house.

[2]Article 12, section 1(d) of the CC&R's provides: "In any legal or equitable proceeding for the enforcement or to restrain the violation of these [CC&R's], the losing party or parties shall pay the attorneys' fees of the prevailing party or parties in such amount as may be fixed by the court in such proceedings. . . ."

made some remarks about this when the case ended. [¶] I think I said don't come back here looking for attorneys [*sic*] fees. [¶] My thought is with a micro ounce of cooperation, insight and judgment, this could have been a ten-minute small claims case. [¶] I'm not giving attorneys [*sic*] fees to anybody."

■ As a general rule, a prevailing party is not entitled to attorney fees unless authorized by agreement or statute. (*Braun* v. *City of Taft* (1984) 154 Cal.App.3d 332, 348 [201 Cal.Rptr. 654].) ■ The Denktases contend the trial court abused its discretion in refusing to award attorney fees in view of Civil Code section 1717 and the CC&R's which expressly entitle the prevailing party to attorney fees. In response the Association argues the trial court, in essence, found the Denktases were not the prevailing party and, therefore, were not entitled to attorney fees. In the alternative, the Association argues the CC&R's only require an award of "attorney's fees" not an award of "reasonable attorney fees," and it was reasonable for the court to set the amount of attorney fees to be awarded at "zero." Both determinations, the Association argues, are supported by the evidence. We disagree.

■ Civil Code section 1717 ensures reciprocal enforcement of attorney fees provisions by providing for the award of reasonable attorney fees to the prevailing party in an action on a contract which provides for award of such fees to any party on the contract. The trial court must determine which party prevailed on the contract. Although generally the prevailing party is the one "who recovered a greater relief in the action on the contract[,]" the court may determine there is no prevailing party. (Civ. Code, § 1717, subd. (b)(1).)[3]

"The trial court's determination that there was no prevailing party on the contract is an exercise of discretion. We will disturb it only if there has been a clear showing of an abuse of that discretion." (*McLarand, Vasquez & Partners, Inc.* v. *Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 [282 Cal.Rptr. 828].) Such an abuse is present here.

In *Smith* v. *Krueger* (1983) 150 Cal.App.3d 752 [198 Cal.Rptr. 174], the plaintiffs, trustors under a deed of trust, brought an action for declaratory

---

[3]Civil Code section 1717 provides in pertinent part, "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, . . . , shall be entitled to reasonable attorney's fees in addition to other costs. . . . [¶] (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section . . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section."

relief against the defendant beneficiaries who had begun proceedings to enforce an acceleration clause in the deed of trust which also contained an attorney fees provision. The plaintiffs prevailed on a motion for summary judgment but the trial court denied attorney fees. The appellate court reversed holding, "Although the trial court retains considerable discretion in fixing the amount of attorney's fees, it was an abuse of discretion . . . to deny them completely." (*Id.* at p. 757.) Here, the Denktases were sued by the Association seeking an injunction to compel them to repaint their house and unspecified damages. In addition the Association sought its own attorney fees incurred in enforcing its CC&R's. The trial court resolved the conflicts in the testimony in favor of the Denktases. It concluded they had obtained approval of their color choices from the Association's president. The judgment entered was a simple, unqualified win for the Denktases.

■ We are unaware of any authority that would support a conclusion that the Denktases were not the prevailing party in this action. They were sued by their homeowners' association and they successfully defended that suit.

Typically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought. In other words, the judgment is " 'considered good news and bad news as to each of the parties[.]' " (*Nasser v. Superior Court* (1984) 156 Cal.App.3d 52, 60 [202 Cal.Rptr. 552]. See also *Bankes v. Lucas* (1992) 9 Cal.App.4th 365 [11 Cal.Rptr.2d 723]; *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn., supra,* 231 Cal.App.3d 1450.)

The Association argues the Denktases are not entitled to attorney fees because they behaved obstreperously. Haluk Denktas had a history of aggression with the Association. He previously refused to pay increased monthly Association fees, telling it to go ahead and sue him. In the present dispute, the Denktases refused to allow the Association access to their property so it could repaint the house. Nonetheless, the trial court concluded the Denktases had obtained the necessary approval for their house color choice and the Association was not entitled to force the Denktases to repaint. The mere fact that the Denktases may have behaved unpleasantly does not change the conclusion that they were the prevailing parties in this litigation and as such were entitled to an award of their reasonable attorney fees.

The trial court indicated it too was motivated by the Denktases' behavior. It noted the dispute could have been resolved in small claims court had the Denktases either repainted and sued the Association for damages or allowed the Association to repaint the house and sue them for the cost.

We are not at all unsympathetic to the trial court's concerns. All too often attorney fees become the tail that wags the dog in litigation. Particularly in homeowner disputes such as this where the allegedly offending homeowner, rather than comply with neighborhood demands he or she remove something deemed to be offensive, decides to stand on his or her "property rights." Often the economic value of what the homeowner gains is minute compared to the litigation costs. However, holding the homeowner cannot recover reasonable attorney fees because he or she controls whether the homeowners association is required to bring suit in effect renders the attorney fees provision of the CC&R's unilateral, operating only in favor of the home-owners association. This is contrary to the result intended by Civil Code section 1717. Furthermore, such a holding would be tantamount to holding homeowners must always yield to the demands of their homeowners association and then pursue their damage remedy rather than forcing the association to prove a violation of the CC&R's.

We next consider *briefly* the Association's alternative argument that "zero" is a reasonable amount of attorney fees to be awarded: preposterous! The Association itself documented its own demand of more than $16,000 in attorney fees *prior* to trial. Indeed, the Association is seeking its attorney fees on this appeal. While the Association challenged some of the specific items in the attorney fees claim, it did not challenge many others. (See *Hadley* v. *Krepel* (1985) 167 Cal.App.3d 677 [214 Cal.Rptr. 461] [attorney fee award totaling less than 20 percent of actual expenses an abuse of discretion].)

The Denktases are entitled to an award of their reasonable attorney fees through trial. In addition they are entitled to attorney fees on appeal, the amount of which we may determine, although the general practice is to remand to the trial court for assessment. (167 Cal.App.3d at p. 687.) At oral argument counsel for the Denktases represented they had incurred total fees of $15,000 through appeal. Counsel for the Association agreed that in view of the Association's own claim for fees in excess of $16,000 up to the time of trial, $15,000 is a reasonable amount of attorney fees to be awarded the Denktases.

The order denying attorney fees is reversed. The matter is remanded to the trial court with directions to enter an order awarding the Denktases

$15,000 in attorney fees in addition to court costs. The appellants are entitled to their costs on appeal.

Moore, Acting P. J., and Crosby, J., concurred.