28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MEGASOFT COMPUTER CORPORATION, a California
corporation, Debtor.
MEGASOFT COMPUTER CORPORATION, a California corporation,
Plaintiff-Appellant,
v.
DOMICO, a California corporation, Defendant-Appellee.
 No. 93-15017.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1994.
Decided July 7, 1994.
 
 Before: HUG, SCHROEDER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The bankruptcy court entered judgment in favor of Megasoft Computer Corporation on a breach of contract claim against Domico. Megasoft appeals. It claims that the bankruptcy court abused its discretion in denying contractual attorney fees and costs to Megasoft, and clearly erred in finding that Megasoft failed to mitigate damages. We affirm.
 
 DISCUSSION
 A. Attorney Fees
 
 3
 The license agreement provided, "If any legal action or other proceeding is brought for the enforcement, interpretation or construction of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding...." California law applies in interpreting this contractual provision. Resolution Trust Corp. v. Midwest Fed. Sav. Bank, 4 F.3d 1490, 1503 (9th Cir.1993).
 
 
 4
 In the case of contractual attorney fees, California law defines "prevailing party" as "the party who recovered a greater relief in the action on the contract." Cal.Civ.Code Sec. 1717(b)(1). "The court may also determine that there is no party prevailing on the contract for purposes of this section." Id. Megasoft prevailed on the claim that Domico breached the best efforts provision of the contract and was awarded damages. Megasoft also established that Domico breached the noncompetition clause, but failed to prove that it sustained compensable damage from the breach. Megasoft tried to show that Domico's product was derivative of Megasoft's. It did not succeed in doing so. The bankruptcy court concluded that the latter claims were the key issues in the case and on these claims Megasoft did not obtain greater relief than Domico. The claims were contractual in nature, as the court said.
 
 
 5
 "Typically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought. In other words, the judgment is considered good news and bad news as to each of the parties." Deane Gardenhome Ass'n v. Denktas, 13 Cal.App.4th 1394, 1398, 16 Cal.Rptr.2d 816, 818 (1993) (quotation and alteration omitted); see Nasser v. Superior Court, 156 Cal.App.3d 52, 59-60, 202 Cal.Rptr. 552, 555-56 (1984); Kytasty v. Godwin, 102 Cal.App.3d 762, 774, 162 Cal.Rptr. 556, 563 (1980). On the other hand, when a party obtains complete relief on the contract, it is an abuse of discretion to find that neither party prevailed. See Deane Gardenhome, 13 Cal.App.4th at 1397-99, 16 Cal.Rptr.2d at 818-19; Public Employees' Retirement Sys. v. Winston, 209 Cal.App.3d 205, 211-12, 258 Cal.Rptr. 612, 615 (1989); Smith v. Krueger, 150 Cal.App.3d 752, 757-58, 198 Cal.Rptr. 174, 176-77 (1983).
 
 
 6
 Megasoft did not obtain complete relief on its contract claims. Its recovery is better characterized as "good news and bad news." Although Megasoft won in principle--it established that the contract was breached--it did not prove that it was damaged by the alleged violation of the noncompetition clause. The relief granted for breach of the best efforts clause was minimal compared to the relief sought for breach of the noncompetition clause, including the derivative program aspect. We cannot say that the bankruptcy court abused its discretion in determining that Megasoft was not a prevailing party in its action on the contract within the meaning of Cal.Civ.Code Sec. 1717.
 
 B. Costs
 
 7
 In federal court, costs of suit "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The court must state its reasons for disallowing costs. United States ex rel. Bartec Indus., Inc. v. United Pac. Co., 976 F.2d 1274, 1280 (9th Cir.1992), amended, 15 F.3d 855 (1994).
 
 
 8
 The bankruptcy court stated its reasons for denying costs to Megasoft. Although Megasoft recovered some damages because Domico did not sell as much as Megasoft thought it would, the gravamen of the complaint was that Domico was stealing Megasoft's market by selling competing software. On that claim, Megasoft did not prevail. "Under the abuse of discretion standard, a reviewing court will not reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors." United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992). The trial court does not abuse its discretion when it declines to tax costs based on the complexity of the case, extensive discovery, and limited relief awarded to the prevailing party. K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir.), cert. denied, 369 U.S. 825, 90 S.Ct. 69, 24 L.Ed.2d 76 (1969). Here, the complicated issues were the ones on which Megasoft did not prevail. Again, we cannot say that the bankruptcy court abused its discretion.
 
 C. Mitigation of Damages
 
 9
 The bankruptcy court found that Megasoft "failed to mitigate its damages by terminating the Agreement as permitted under paragraph 9(b)(iv)." Megasoft claims that this finding is clearly erroneous because Domico failed to plead mitigation as an affirmative defense. This argument was not raised before the bankruptcy court; it is raised for the first time in this appeal. We decline to consider it. See Han v. United States, 944 F.2d 526, 527 n. 1 (9th Cir.1991).
 
 
 10
 Megasoft also argues that it was unable to mitigate damages because, even if it terminated the contract, it could not license the software to someone else. Its argument for that proposition is not persuasive. At any rate, we fail to see how this finding of fact had any effect on the amount of damages awarded to Megasoft. The bankruptcy court awarded damages based upon the amount of product which Domico projected it would sell during the entire contract term. Megasoft was entitled to no more. Thus, even if the bankruptcy court's finding were clearly erroneous, it would not warrant reversal. See Fed.R.Civ.P. 61.
 
 D. Sanctions
 
 11
 Domico's request for sanctions is denied. Fed.R.Civ.P. 11 is not applicable to appellate proceedings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405-09, 110 S.Ct. 2447, 2461-62, 110 L.Ed.2d 359 (1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3