[No. B069475. Second Dist., Div. Four. Sept. 19, 1994.]

HILLTOP INVESTMENT ASSOCIATES et al., Cross-complainants and Respondents, v.
ARTHUR BORIS LEON, Cross-defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the section on sanctions.

**COUNSEL**

Peter C. Ver Halen for Cross-complainants and Respondents.

Ravi Sharma for Cross-defendant and Appellant.

## OPINION

**HASTINGS, J.**—Appellant claims that the trial court erred when failing to award him attorney fees as the prevailing party on a cross-complaint. We affirm.

### FACTS

The underlying action was filed on behalf of Cinema Force Production, Inc. (Cinema Force) and Blood Law, Ltd., a California Limited Partnership (Blood Law) and against Hilltop Investment Associates and Filmservice Laboratories, Inc. (respondents). The suit involved ownership of a film entitled "Kill Crazy" and sought to prevent respondents from utilizing the film in any way and to recover compensatory damages and attorney fees per contract. The complaint was verified on behalf of Cinema Force and Blood Law by Arthur Boris Leon (appellant).

Respondents filed a cross-complaint against Blood Law, Cinema Force and appellant. The cross-complaint alleged that appellant was owner of a partnership interest or a promoter of Blood Law and also contained alter ego allegations relating to appellant and Blood Law. Among other relief, the cross-complaint sought recovery of fees from Cinema Force, Blood Law and appellant for services rendered by respondents in connection with "Kill Crazy." It also sought injunctive relief in the seventh cause of action to prevent use of the film by reason of liens on the film held by respondents. It also included a request for attorney fees relating to the seventh cause of action. A joint answer to the cross-complaint was filed on behalf of Cinema Force, Blood Law and appellant.

For reasons unimportant to this appeal, the original complaint was dismissed and ultimately the matter proceeded to trial on the cross-complaint, without a jury. The trial court found in favor of respondents and against Cinema Force and Blood Law on the first cause of action for breach of contract and awarded damages of $153,976, the amount prayed for in the cross-complaint. The court also found in favor of respondent Film Service Laboratories and against Cinema Force and Blood Law on the fourth and fifth causes of action for open account in the sum of $59,446.93. The court found in favor of appellant on the alter ego theory holding: "JUDGMENT FOR ARTHUR LEON. [¶] The 'corporate veil' will not be pierced. Cinema Force was created to be a general partner in the production of films. [Respondents] have failed to show that [appellant] operated Cinema Force in bad faith, or

that he commingled funds, or that the identity of Cinema Force was merged with [appellant]. [¶] The [respondents] had full knowledge of the business structure of Cinema Force and Blood Law and knew that they did not have sufficient capital available to them to finish production of the film. The [respondents] entered into the contract with Cinema Force with that knowledge."

A cost bill was filed on behalf of appellant which included a claim for attorney fees in the amount of $30,057. In connection with this cost bill a "Motion to Determine Party Prevailing on Contract and to Fix Amount of Attorneys Fees Awardable as Item of Costs" was filed. The motion was supported by the declaration of Ravi Ivan Sharma which declared that he and Jerome Edward Tarver had represented appellant in defense of the cross-complaint and had incurred the sums claimed for allowing fees on behalf of appellant. He further alleged that "this matter was billed in two separate accounts named *Cinema Force Productions, Inc.* v. *Hilltop Investments* and *Blood Law* v. *Hilltop Investments.*" The motion was opposed by respondents contending that they were the prevailing parties against Cinema Force and Blood Law and that it was only by the actions of appellant controlling Cinema Force and Blood Law that respondents were not paid and forced to bring the action.

The trial court denied attorney fees to appellant finding that: "Fairness dictates that [appellant] does not recover attorney fees incurred in the defense of the cross-complaint. Fairness dictates that [appellant] should not be declared the prevailing party on the cross-complaint. [Appellant] was responsible for the diversion of funds [to] which the [respondents] were rightfully entitled. The Court is viewing this case in its entirety and the cross-complaints [*sic*] secured a judgment in its [*sic*] favor based on the actions of [appellant]. [¶] THE COURT FINDS, FOR PURPOSES OF SECTION 1717 OF THE CIVIL CODE AND FOR PURPOSES OF [APPELLANT'S] REQUEST ONLY, THAT, AFTER A REVIEW OF THE ENTIRE CASE AND IN THE EXERCISE OF ITS DISCRETION, THERE WAS NO PREVAILING PARTY ON THE CONTRACT. [¶] MOTION FOR ATTORNEY FEES DENIED."

▬▬ Appellant now appeals this determination. He does not challenge the sufficiency of the evidence to support the factual finding of the court that he caused diversion of the funds resulting in the need for respondents to pursue the suit. Instead, appellant argues that, as a matter of law, he was the prevailing party and the trial court erred when it utilized evidence admitted during trial of the case to find otherwise.

## DISCUSSION

Civil Code section 1717 is the controlling authority on the issue of an attorney fee award. This section allows recovery of fees to the prevailing party on an action for breach of contract where the contract provides for recovery of attorney fees. The parties do not contest the fact that appellant qualified for recovery of attorney fees under the reciprocal provisions of section 1717, only whether the court properly determined whether or not he was a prevailing party. In that respect, the section provides: "(b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2),[1] the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. *The court may also determine that there is no party prevailing on the contract for purposes of this section.*" (Civ. Code, § 1717, subd. (b)(1), italics added.)

The last sentence of this section was added by amendment in 1987 and allows the trial court to determine that no party has prevailed for purposes of an award of attorney fees. ▮ "The trial court's determination that there was no prevailing party on the contract is an exercise of discretion. We will disturb it only if there has been a clear showing of an abuse of that discretion. [Citations.]" (*McLarand, Vasquez & Partners, Inc.* v. *Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 [282 Cal.Rptr. 828].) "[A] reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice." (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].) We find no abuse of discretion here.

▮ Appellant essentially argues that under the circumstances presented he is the prevailing party and that no other reasonable conclusion can be reached. Therefore, he claims, it was mandatory that the trial court grant him an award of attorney fees. The cases he relies upon are not on point.

The first case he cites, upon which he bases great reliance, is *Reynolds Metal Co.* v. *Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83]. While the case does involve an award of attorney fees pursuant to Civil Code section 1717 relating to defense of an alter ego claim, the case deals with the issue of reciprocity of recovery of attorney fees where one party sued was not a party to the contract. There is no doubt that *Reynolds* is valid law on the reciprocity issue. However, that issue is not before us in this case.

---

[1]That paragraph is not relevant to this appeal.

*Reynolds* does not address the discretion of the trial court to determine who is the prevailing party for purposes of an award of attorney fees, the issue before us. The same is true for *Brusso v. Running Springs Country Club, Inc.* (1991) 228 Cal.App.3d 92 [278 Cal.Rptr. 758], *Manier v. Anaheim Business Center Co.* (1984) 161 Cal.App.3d 503 [207 Cal.Rptr. 508], *Mackinder v. OSCA Development Co.* (1984) 151 Cal.App.3d 728 [198 Cal.Rptr. 864], *Jones v. Drain* (1983) 149 Cal.App.3d 484 [196 Cal.Rptr. 827], and *Berge v. International Harvester Co.* (1983) 142 Cal.App.3d 152 [190 Cal.Rptr. 815], all cited and relied upon by appellant.

The next step in appellant's argument is that the trial court erred in utilizing evidence received at trial. Appellant argues that we must look only at the pleadings to ascertain who is the prevailing party, citing *Manier, supra,* 151 Cal.App.3d 503, and *Montgomery v. Bio-Med Specialties, Inc.* (1986) 183 Cal.App.3d 1292 [228 Cal.Rptr. 709]. These cases were decided prior to the 1987 amendment and only dealt with the issue of whether reciprocity existed to determine whether a party qualified for an award of attorney fees pursuant to contract. In that regard, they held that the pleadings must be referenced. Neither case addressed the trial court's discretion to determine whether there was in fact a prevailing party as in *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn., supra,* 231 Cal.App.3d at page 1456.

Appellant next recognizes the 1987 revision of Civil Code section 1717 but argues that it did not overrule the "effect" of the "pre-revision" cases, again citing *Reynolds* and *Brusso* but also adding *Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560 [264 Cal.Rptr. 494], *Neptune Society Corp. v. Longanecker* (1987) 194 Cal.App.3d 1233 [240 Cal.Rptr. 117], and *Nasser v. Superior Court* (1984) 156 Cal.App.3d 52 [202 Cal.Rptr. 552] (for the proposition that the trial court had discretion to determine that no party prevailed prior to 1987). Appellant's reliance on the additional cases is also misplaced.

*Pirkig v. Dennis, supra,* did not deal with the amendment to Civil Code section 1717 but the 1986 amendment to Code of Civil Procedure section 1032 relating to determination of who is the prevailing party for an award of costs. In *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn., supra,* the court states: "We emphatically reject the contention that the prevailing party for the award of costs under section 1032 is necessarily the prevailing party for the award of attorneys' fees. Civil Code section 1717 declares the party recovering a greater relief in the action on the contract is the prevailing party. But it further provides the trial court may 'determine

that there is no party prevailing on the contract for purposes of [section 1717].' " (231 Cal.App.3d at p. 1456.) Therefore, *Pirkig* is not on point.[2]

*Nasser* v. *Superior Court, supra,* 156 Cal.App.3d 52, dealt with Civil Code section 1717 as it was worded in 1985, when trial of the matter took place. It did not deal with the trial court's discretion to make a finding that neither party was the prevailing party; instead, the issue was whether the trial court erred in determining that the agreement being sued upon contained an attorney fees provision.

Appellant's final argument is that the trial court's discretion under Civil Code section 1717 is not unlimited, a proposition with which we agree. Appellant attempts to distinguish *McLarand, Vasquez & Partners, Inc.* v. *Downey Savings & Loan Assn., supra,* 231 Cal.App.3d 1450, and convince us that the trial court abused its discretion as in *Deane Gardenhome Assn.* v. *Denktas* (1993) 13 Cal.App.4th 1394 [16 Cal.Rptr.2d 816].

*Deane Gardenhome Assn.* v. *Denktas, supra,* 13 Cal.App.4th 1394, is not on point. In that case, appellant was clearly the prevailing party, but the trial court refused to issue attorney fees because of the frustration of having to try a case which it felt should have been handled in small claims court. (*Id.* at p. 1398.) In effect, the appellate court held that the trial court abused its discretion by denying an award of attorney fees because the trial court was piqued by the triviality of the case. That is not the situation here.

Technically speaking, appellant was "a prevailing party" in that personal liability was not visited upon him in the concept of alter ego. However, respondents were also prevailing parties in relation to the partnership over which appellant exerted control causing respondents to have to sue. While the court found insufficient evidence to pierce the corporate veil, it did find that appellant was, in effect, the cause of the action taken by the partnership resulting in litigation. Under the circumstances the result was a draw and *Kytasty* v. *Godwin* (1980) 102 Cal.App.3d 762, 774 [162 Cal.Rptr. 556], cited by appellant in his brief, is on point: "The judgment as well as this opinion must be considered good news and bad news to each of the parties, and in good conscience we cannot say attorneys' fees should be awarded. . . ." That is the effect of the trial court ruling in this case.

---

[2]*Pirkig* recognized that the trial court may utilize evidence obtained in trial in determining the issue of prevailing party under Code of Civil Procedure section 1032.

SANCTIONS*

DISPOSITION

The judgment (order denying attorney fees) is affirmed. Each party's request for sanctions is denied. Costs are awarded to respondents.

Epstein, Acting P. J., and Vogel (C. S.), J., concurred.

*See footnote, *ante*, page 462.