Filed 6/26/14  Strohl v. MacElroy CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ELIZABETH C. STROHL et al.,<br><br>          Plaintiffs and Appellants,<br><br>v.<br><br>CLAIRE MACELROY,<br><br>          Defendant and Appellant. | A137928<br><br>(Marin County<br>Super. Ct. No. CIV1002204) |

Claire MacElroy (defendant) appeals, and Elizabeth Strohl and Bryan Whipple (plaintiffs) cross-appeal, from a judgment entered to resolve an easement dispute.  In her appeal, defendant contends that she was wrongly denied an opportunity to move for a postjudgment determination that she was the prevailing party and entitled to attorney fees.  In their cross-appeal, plaintiffs contend that the judgment failed to resolve all issues related to the easement.  We reject both sides' claims and affirm.

STATEMENT OF FACTS AND
PROCEDURAL HISTORY

The facts are undisputed.  In late 2000, an owner of a 24-acre parcel in Marin split the property in two by creating a 14-acre parcel and an adjoining 10-acre parcel.  The owner kept the 14-acre parcel and conveyed the 10-acre parcel.  As part of the conveyance, the recipient of the 10-acre parcel granted an easement to ensure that the 14-acre parcel would benefit from a water well located on the 10-acre parcel.

In 2002, plaintiffs became the co-owners of the 14-acre parcel, and in 2004, defendant became the owner of the 10-acre parcel.  Unrebutted testimony was presented

1

that the amount of water available from the well has varied, and during dry spells the well has been dry.

The easement states that it is "non-exclusive." It specifies that "[defendant] hereby grants to [plaintiffs] an easement for the existing well, pump, tank and water produced from said well and access to and from said well . . . ." Although the easement provides that plaintiffs are responsible for the well's repair-and-maintenance costs, it also provides that "[defendant] is responsible for the cost of any new trenching, wiring, piping or changing of routing of water flow to [plaintiffs'] parcel" or "for any changes made to [plaintiffs'] water well . . . ." The easement also states that "[i]n the event of any controversy, claim or dispute relating to this agreement, or the breach thereof, the prevailing party shall be entitled to recover from the losing party their reasonable attorneys' fees and costs."

In April 2010, defendant locked the well's pump house and posted a "no trespassing" sign. Plaintiffs responded by filing their complaint. In it, they asserted two causes of action: one for declaratory relief and one for an injunction. Both of these causes included allegations about plaintiffs having been prevented from accessing the well. In the cause for declaratory relief, plaintiffs sought a declaration on whether they have the right to repair the well, its equipment and housing, and whether defendant has rights to water from the well and to lock or tear down the pump house. In the cause of action for an injunction, plaintiffs alleged that defendant had "lock[ed] up the pump house and post[ed] a 'criminal trespass' sign," and they sought an order to ensure their access to the well and to allow them to make repairs.

In response to the first cause, defendant answered that "[p]laintiffs need to be dissuaded from their claims [that] they have an exclusive use to the water of a non exclusive easement." In response to plaintiffs' second cause, defendant answered that she "admits the relevant allegations . . . and alleges that she was under medical care and medication during the event which occurred, but that since that time she has unchained the lock, she has removed the No Trespassing sign and has agreed in a Stipulation filed in this court that she will cease and desist from such activity . . . ."

2

A stipulation for a preliminary injunction was filed in June 2010, and in it the parties agreed that "[d]efendant . . . [is] hereby restrained and enjoined from hindering Plaintiffs in any way in access to use, maintenance and repair of, the well, pump, pump house and related equipment or the water produced from said well . . . ." Almost two years later, an oral stipulation was tendered to and accepted by the trial court in which the parties stipulated that "[defendant] will not put a lock on the wellhouse" or "unreasonably prevent [plaintiffs] from access to the property."

A three-hour court trial was held in September 2012, and a written tentative decision was issued two months later. Among other things, the tentative decision proposed "[e]ach side to bear own costs and fees." Defendant objected to the tentative decision and claimed that it would be improper for the court to order each side to bear its own attorney fees because "the determination of who is the prevailing party must be made on a noticed motion." She argued that she had prevailed in the action and that she was therefore entitled to attorney fees under the terms of the easement. Although they did not file their own objections to the tentative decision, plaintiffs responded to defendant's objections by arguing that neither party should be deemed to have prevailed, and they pointed out that "the fact that Defendant is objecting to the Court's [tentative decision] suggests that she [or her attorney] does not think she has prevailed." In her reply, defendant again argued that she was the prevailing party and that the judgment should provide that "the determination of prevailing party . . ." will be made on posttrial motion.

A 12-page judgment was entered on December 19, 2012, and it included a number of rulings. It found that that the easement expressly sets forth many of the parties' rights and obligations and that "a direct inference" of these rights and obligations "is that activities related to implementing the respective obligations should not interfere with the plaintiffs' right to the water sufficient to service their usage." It quoted the easement regarding the defendant's obligations to pay for "*new* trenching, wiring, piping or changing of routing of water flow to [plaintiffs'] parcel" and "for *any changes* made to [plaintiffs'] existing well, well house, pump and storage tank located on [defendant's]

3

parcel." (Italics in original.) And it quoted the easement regarding plaintiffs' obligations for "repair, maintenance, and replacement of the well, piping, wiring, well house, tank, pump, [and] motor . . . ." It confirmed plaintiffs' right of "access to these items for repair and maintenance purposes at all reasonable times."

The judgment declared that "[*plaintiffs*] *have a specific right to the water produced from the subject well in a potable condition and sufficient volume to service* [*their*] *usage*" (italics added) and stated this usage may increase so long as it does not become "excessive." Based on its finding that the well did not always provide sufficient water to service plaintiffs' usage, the trial court ruled that "a demand for specific use of the water on a regular basis from this well by defendant would not be in keeping with the plain language of the [easement]." The court also ruled, however, that "[a]ny volume of water remaining beyond plaintiffs' right to that 'sufficient volume of water needed to service their usage' would also be available to defendant."

The judgment summarized its conclusions by specifying that defendant is the owner of the "well-related equipment," that "[d]efendant may not interfere with [p]laintiffs' rights as created by the [easement]," that defendant may use water from the well "so long as such use does not interfere with or overburden plaintiffs' specific right to the well water," and that "[u]nder real time circumstances and evidence related to the production of water from this well when the potable well water production is greater than that of a sufficient volume to service Plaintiffs' usage, such water would be available for use by the [defendant]." Finally, the court made final its tentative ruling that "[e]ach side to bear own costs and fees."

In early February 2013, defendant filed a motion for attorney fees, and shortly thereafter, on February 13, 2013, she filed a notice of appeal from the judgment. Plaintiffs opposed the motion for attorney fees, and on March 5, 2013, they filed a notice of cross-appeal. On May 9, 2013, the trial court denied defendant's request for attorney fees, concluding that it lacked jurisdiction because the motion essentially sought to vacate the portion of judgment that had ordered each side to bear its own costs and fees. No party appealed from this order.

4

A. *The Standard of Review.*

A trial court's determination of which party was the prevailing party under Civil Code section 1717, or that there was no prevailing party, is an exercise of discretion that a reviewing court will not disturb absent a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence. (*Silver Creek, LLC v. BlackRock Realty Advisors, Inc.* (2009) 173 Cal.App.4th 1533, 1538; *Hilltop Investment Associates v. Leon* (1994) 28 Cal.App.4th 462, 466.) " ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' [Citations.]" (*Brawley v. J.C. Interiors, Inc.* (2008) 161 Cal.App.4th 1126, 1137–1138; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894.)

B. *Any Procedural Error Was Harmless Because the Trial Court's Implicit Finding that Neither Party Prevailed Is Amply Supported and Was Reached After the Court Considered the Parties' Arguments.*

On appeal, defendant contends, as she did below, that the trial court's judgment wrongly ordered each side to bear its own fees. According to defendant, the trial court "fail[ed] to determine the prevailing party pursuant to Civil Code Section 1717, Code of Civil Procedure Sections 1032, 1033.5 and 1034, and [California] Rule[s] of Court, [rule] 3.1702 . . . ." She contends that the judgment could not properly resolve the prevailing-party issue because under Civil Code section 1717 the issue can be decided only on notice and motion,[1] and the May 9, 2013 denial of her motion for attorney fees for lack of jurisdiction was therefore erroneous. But we need not decide whether the trial court erred

---

[1] California Rules of Court, rule 3.1702(b)(1) provides that a "notice of motion to claim attorney's fees . . . must be served and filed within the time for filing a notice of appeal . . . ." The rule applies "when the court determines entitlement to the fees, the amount of the fees, or both, whether . . . it requires a determination of the prevailing party, or for other reasons." (Rule 3.1072(a).)

procedurally because we conclude that, even if it did, the error was harmless.[2] (See *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 151 ["Although it would have been the better practice for the trial court to deal more specifically with the provisions of Civil Code section 1717, subdivision (b)(2), to state whether there was any prevailing party for purposes of the section, it was at most harmless error to fail to do so"]; *Gunlock Corporation v. Walk on Water, Inc*. (1993) 15 Cal.App.4th 1301, 1304 "[[T]he Supreme Court and Courts of Appeal have affirmed and even ordered contractual attorney fees awards despite the prevailing party's failure, as here, to comply with the statutory requirement of a noticed motion"].)

Initially, we consider whether this appeal is barred because neither party appealed from the May 9 order denying defendant's postjudgment motion for attorney fees , and we conclude that it is not. The judgment's ruling that each side shall bear its own fees was an implicit determination of the prevailing-party issue, and the appeal from the judgment properly preserved the issue regardless of the May 9 ruling or the parties' failure to appeal from it. (See *Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 997-998.) That the judgment was an implicit determination of the prevailing-party issue cannot be seriously doubted. In its tentative decision, the trial court informed the parties that it was considering ordering each side to bear its own fees, and both sides responded

_____

[2] We recognize that Civil Code section 1717, subdivision (b)(1) allows a party requesting fees under a contract to seek prevailing-party status under notice and motion, California Rules of Court, rule 3.1702(b) sets forth the time frame in which such a motion may be filed, and Code of Civil Procedure section 1033.5, subdivision (c)(5) provides that attorney fees allowable as costs "shall be fixed either upon a noticed motion or upon entry of default judgment, unless otherwise provided by stipulation of the parties." In amending section 1033.5, the Legislature stated that its intent "in enacting this act [is] to confirm that these attorney's fees are costs which are to be awarded only upon noticed motion, except where the parties stipulate otherwise or judgment is entered by default" (Stats. 1990, ch. 804, § 2, p. 3552). But in light of our conclusion that any procedural error was harmless, we need not and do not decide whether these provisions necessarily bar a trial court from making a prevailing-party determination in a final judgment when, as here, the parties were given and exercised the opportunity to argue the prevailing-party issue in response to a tentative decision. And although defendant complains that "there never was a hearing," we find nothing in these provisions that mandates a hearing.

6

by addressing the prevailing-party issue. Defendant specifically argued that the trial court was required to conduct a postjudgment hearing on the prevailing-party question, but the court rejected the argument in adopting its final judgment by ordering each side to bear its own fees. In doing so, the trial court implicitly found that neither party side was the prevailing party.

Even if this finding were procedurally improper, we conclude that any error was harmless because the finding is amply supported in the record, and defendant has failed to show that it was reached as the result of an abuse of discretion. The applicable rules governing litigation costs were outlined by our state Supreme Court in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606: "Whether a party to litigation is entitled to recover costs is governed by Code of Civil Procedure section 1032, which provides, in subdivision (b), that '[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.' " A defendant against whom the plaintiff does not recover any relief is a prevailing defendant. (*Ibid.*)

Under Code of Civil Procedure section 1033.5, subdivision (a)(10), attorney fees are allowable as costs under Code of Civil Procedure section 1032 when they are authorized by contract, statute, or law.[3] Civil Code section 1717, in turn, applies when fees are sought under the terms of a contract, and it is applicable here because the easement[4] includes an attorney-fees provision. The section provides that "[i]n any action on a contract, where the contract specifically provides that attorney fees and costs, which

---

[3] Code of Civil Procedure section 1021 also refers to the ability of parties to agree on attorney fees. As pointed out by the Supreme Court in *Santisas,* this section "does not independently authorize recovery of attorney fees. Rather, consistent with subdivision (a)(10) of Code of Civil Procedure section 1033.5, [the section] recognizes that attorney fees incurred in prosecuting or defending an action may be recovered as costs only when they are otherwise authorized by statute or by the parties' agreement." (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 607, fn. 4.)

[4] We assume, as the parties do, that Civil Code section 1717 applies even though this dispute is between successors in interest to the parties who created the easement and even though no specific breach of contract claim was alleged in the complaint. (See, e.g., *Turner v. Schultz* (2009) 175 Cal.App.4th 974, 980 ["An action for declaratory relief can be an action 'on a contract' "].)

are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code § 1717, subd. (a).) The section further provides that "[t]he court, upon notice and motion by a party, shall determine who is the party prevailing on the contract . . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." (Civ. Code § 1717, subd. (b)(1).)

"[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' [Citation.]" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876.)

" '[T]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought.' [Citation.] By contrast, when the results of the litigation on the contract claims are *not* mixed—that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other—the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant." (*Hsu v. Abbara, supra,* 9 Cal.4th at pp. 875-876.) But when " 'neither party achieves *a complete victory* on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees.' (*Scott* [*Co. v. Blount, Inc*. (1999)] 20 Cal.4th [1103,] 1109, italics added.)" (*de la Cuesta v. Benham* (2011) 193 Cal.App.4th 1287, 1294.)

In applying these principles here, we conclude that the trial court did not abuse its discretion in implicitly ruling that neither party prevailed sufficiently to justify an award of attorney fees. To begin with, the record reveals that the complaint was filed in large part in response to defendant locking the well house and posting a no-trespassing sign. Although the allegations in the complaint mention a variety of concerns, the only two stated causes of action—one for declaratory relief and the other for an injunction— specifically sought rulings ensuring plaintiffs' access to the well. On this point, plaintiffs unquestionably prevailed when the parties stipulated to the preliminary injunction enjoining defendant from hindering plaintiffs' access to use, maintain, or repair the well and two years later orally stipulated that "[defendant] will not put a lock on the wellhouse" or "unreasonably prevent [plaintiffs] from access to the property."

Defendant argues that this resolution is immaterial to the prevailing-party issue because the parties stipulated that the issue was to be "removed from the case" (a reference to the parties' stipulation), and the issue should therefore be "treated as if it were never part of the case." But we are aware of no authority, and defendant cites none, requiring a trial court in making a prevailing-party determination to disregard a resolution of an issue that was a main catalyst for the lawsuit simply because the resolution occurred before trial and there was no further litigation on it.

Furthermore, and setting aside that plaintiffs prevailed in ensuring their access to the well, the other central issue in the case—how much well water defendant was entitled to access—was not decided in defendant's favor as one-sidedly as defendant insists. Defendant correctly points out that the judgment determined that the easement is nonexclusive and did not adopt plaintiffs' argument that defendant has no right whatsoever to well water. And we recognize that whether defendant was entitled to any water may have been the primary issue litigated. But under the judgment, defendant's right to share well water is significantly limited and frequently barred. It concluded that plaintiffs have the right to water from the well in a potable condition and in a sufficient volume to service their usage, and they may increase their use so long as it does not become "excessive." Defendant's position was that she was "entitled to share in the use

9

of the water produced from the well," but the degree to which she can share was unclear until the judgment. Rather than giving defendant an opportunity to routinely share water from the well, the judgment clarified that "a demand for specific use of the water on a regular basis from this well by defendant would not be in keeping with the plain language of the [easement]." While the judgment ruled that when "the potable well water production is greater than that of a sufficient volume to service Plaintiffs' usage, such water would be available for use by the [defendant]," this ruling, in our view, falls short of being purely good news for defendant and bad news for plaintiffs. (*Hsu v. Abbara, supra,* 9 Cal.4th at pp. 875-876.)[5]

Even if the trial court should have declined to decide the prevailing-party issue until the issue was considered on postjudgment briefing, we conclude that any such procedural error was harmless because the trial court's implicit determination that neither party prevailed—reached after the parties briefed the issue—was amply supported in the record.

C.      *Plaintiffs Forfeited Their Issues Raised on Appeal Because They Failed to Raise Them as Objections to the Tentative Judgment.*

In their cross-appeal, plaintiffs contend that the judgment improperly failed to address certain issues. They argue that the judgment inadequately explained the legal significance of the easement's characterization that it is nonexclusive, left open the question of whether the preliminary injunction remains in effect, and failed to resolve whether plaintiffs own or defendant owns the improvements located within the easement. We conclude that plaintiffs forfeited these arguments by failing to raise them after the trial court proposed its tentative decision.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) If, however, "a statement of decision does not resolve a controverted issue, or if the statement is ambiguous and the record shows

_____

[5] Defendant prevailed on another litigated issue: her ownership of the well-related equipment.

that the omission or ambiguity *was brought to the attention of the trial court . . .*, it shall not be inferred on appeal . . . that the trial court decided in favor of the prevailing party as to those facts or on that issue." (Code Civ. Proc., § 634, italics added.) Here, plaintiffs failed to raise the objections they now assert on appeal when they had the opportunity to do so in response to the tentative decision. Accordingly, they have forfeited "the right to claim on appeal that the [decision] was deficient" based on "omissions or ambiguities" that could have been brought to the trial court's attention before appealing. (*In re Marriage of Arceneaux*, at pp. 1133-1134.) In short, we decline to consider the alleged omissions in and ambiguities with the judgment because these alleged deficiencies could have been, but were not, brought to the attention of the trial court.

DISPOSITION

The judgment is affirmed. Each side is to bear its own costs on appeal.


_____
Humes, J.


We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.


11