Filed 9/21/21  Bernstein v. Sebring CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| SCOT BERNSTEIN, | C088375 |
| Plaintiff, Cross-defendant and Respondent, | (Super. Ct. No. PC20140070) |
| v. | |
| TIM SEBRING, | |
| Defendant, Cross-complainant and Appellant. | |

Defendant and cross-complainant Tim Sebring (Sebring)[1] appeals an order granting prevailing party status under Code of Civil Procedure section 1032, subdivision (a)(4)[2] to plaintiff and cross-defendant Scot Bernstein (Bernstein) and awarding

---

[1]     A company owned or controlled by Sebring, Sheffield Properties & Investments, LLC, was a codefendant.  For clarity, and because it does not affect our analysis, we will refer only to Sebring in this opinion.

[2]     Undesignated statutory references are to the Code of Civil Procedure.

1

Bernstein his costs of suit. Because neither party obtained any relief on their cross-claims that survived a partial settlement early in the case, we conclude that Sebring, the defendant, is the prevailing party. We therefore will reverse the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a dispute between two neighboring property owners, Bernstein and Sebring, over an easement that runs across Bernstein's land. Bernstein sued first, filing an action for injunctive relief and damages in February of 2014. The complaint asserted causes of action for trespass and conversion against Sebring, alleging that Sebring or his contractors were altering the unpaved easement, removing trees, and otherwise damaging the easement area. Sebring cross-complained for: (1) quiet title; (2) declaratory relief; and (3) interference with easement. Amended pleadings were filed by both sides in 2015, though the gravamen of the claims remained the same.

On August 18, 2016, the parties attended a judicial settlement conference and settled part of their dispute, as documented in an order pursuant to partial settlement entered on October 3, 2016. Under the settlement agreement, Bernstein dismissed with prejudice the second cause of action (conversion) and waived all claims for monetary relief as against Sebring. Bernstein retained his first cause of action for trespass to preserve his right to seek injunctive relief at trial against Sebring. For his part, Sebring, with the mutual understanding that he had a nonexclusive easement over Bernstein's property, dismissed with prejudice the first cause of action in his cross-complaint for quiet title and the third cause of action for interference with easement. Sebring also waived all claims for damages and other monetary relief against Bernstein, though he reserved his right to pursue declaratory relief as to his secondary easement rights.

Although the issue of costs was not mentioned on the face of the October 3, 2016 settlement order, the order recites that the parties "orally stipulated on the record before the Court to the terms of the partial settlement and a copy of *the transcript of said stipulation on the record is attached . . . and incorporated*" into the October 3 order.

2

(Italics added.)  That transcript reflects that the parties, at the prompting of Bernstein's trial counsel, waived costs and attorney fees as to the claims that had been resolved through settlement:

> "[BERNSTEIN'S COUNSEL]:  One further, I assume the claims that have been dismissed or waived both sides agree to waive costs and attorney's fees?
>
> "[SEBRING'S COUNSEL]:  Correct.
>
> "THE COURT:  That's correct.
>
> "[BERNSTEIN'S COUNSEL]:  Okay. We agree to that as well.
>
> "THE COURT:  And, Mr. Bernstein, you agree to that?
>
> "MR. BERNSTEIN:  I agree.
>
> "THE COURT:  Mr. Sebring?
>
> "MR. SEBRING:  Yes."  (Italics added.)

After the partial settlement, the case proceeded on the remaining claims.  A five-day jury trial was scheduled to begin on May 21, 2018, but on the eve of trial, the trial court raised questions about the nature of Bernstein's claims and, after conferring with counsel and performing research, held a hearing on May 22, 2018, to discuss the state of the pleadings and whether any legal (as opposed to equitable) claims remained that could be tried to a jury.  After the court briefly recapitulated its thoughts on the viability of Bernstein's request for injunctive relief—correctly noting that an injunction was not a standalone cause of action—counsel for Sebring moved for judgment on the pleadings, or for "nonsuit," on Bernstein's remaining cause of action for trespass.  Bernstein's counsel resisted dismissal, arguing that his client could seek prospective injunctive relief based on the possibility of a future trespass, but conceded that "we do not intend to prove that there is a continuing trespass[, or] that there is a past trespass that is in need of injunctive relief."

The court then discussed with the parties how to resolve the matter given Bernstein's concession and the court's lingering concerns about issuing an injunction

3

without an underlying tort. The court stated that it did not "know exactly what to term [Sebring's] motion," but it ultimately decided to "dismiss the complaint as to Sebring . . . because [Bernstein] has indicated that he—he's not going to—he has no Plaintiffs to prove the underlying tort. Therefore, I don't see that injunctive relief is an available remedy . . . ." The court then asked what Sebring intended to do about the cross-complaint. Sebring's counsel responded that he would dismiss the remaining cause of action without prejudice. No mention was made of costs at this hearing.

On June 28, 2018, Bernstein filed a motion to deem him the prevailing party on Sebring's cross-complaint for purposes of costs under section 1032, subdivision (a)(4). He simultaneously filed a memorandum of costs seeking approximately $18,000 in court fees and costs. Bernstein's three-page motion rested on the proposition that, because Sebring voluntarily dismissed the final cause of action in his cross-complaint, Bernstein was the prevailing party under section 1032, subdivision (a)(4). No mention was made of the circumstances of dismissal or the court's contemporaneous dismissal of Bernstein's complaint.

Sebring opposed the motion, arguing that he actually was the prevailing party since Bernstein had dismissed his conversion cause of action as part of the 2016 settlement, and the court had dismissed Bernstein's first cause of action for trespass. Sebring explained that he only dismissed his cause of action for declaratory relief because he had "achieved his goal of defeating Mr. Bernstein's cause of action for trespass."

On reply, Bernstein reiterated that because Sebring voluntarily dismissed his cross-complaint, he was the prevailing party entitled as a matter of right to recovery of costs under section 1032, subdivision (a)(4). He further argued that the trial court did not grant Sebring a nonsuit on Bernstein's trespass claim; instead, he asserted that "the Court ruled that [the 2016 settlement] resolved all remaining claims asserted in the complaint . . . . That is, the Court ruled that the mutual releases between [Bernstein and

4

Sebring] resolved the issues in the complaint." Based on this premise, Bernstein reasoned that the declaratory relief cause of action in Sebring's cross-complaint was the only live dispute, so all of the costs he incurred in the case must have arisen from that claim.

The trial court sided with Bernstein, finding that he was the prevailing party on the cross-complaint and therefore presumptively entitled to recover his costs. The trial court began its analysis by chronicling the procedural history of the case, beginning with the partial settlement reached in 2016. After reciting the general terms of the settlement, the court states in the order that the "partial settlement did not waive claims for costs." In fact, however, as discussed above, the parties *did* waive costs and attorney fees as to the causes of action in the complaint and cross-complaint that were settled. Bernstein conceded this in his reply brief.

The trial court then disagreed with Sebring's characterization of its May 22, 2018 dismissal of Bernstein's trespass cause of action as the grant of a motion for nonsuit, explaining that the record instead reflected that the claim was "dismissed due to [Bernstein's] expressed intent to provide evidence of past trespasses in order to obtain an injunction preventing future trespasses without proof . . . that the purported trespass activities would continue." It further found that Bernstein had achieved a litigation goal against Sebring when the parties "entered into a partial settlement that set the easement as described in a recorded parcel map[,] and during trial [when Sebring] voluntarily dismissed [his] declaratory relief action against [Bernstein]," emphasizing that a "defendant/cross-defendant in whose favor a dismissal is entered is a prevailing party." As such, the court concluded that it "has no discretion to determine who is the prevailing party," and that Bernstein was entitled to costs as a matter of right.

Sebring timely appealed.

STANDARD OF REVIEW

"Generally, a trial court's determination that a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion. [Citations.]" (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) However, where the issue involves the interpretation of a statute, it is a question of law reviewed de novo. (*Ibid.*) This case falls into the latter category.

ANALYSIS

"Unless otherwise provided by statute, a 'prevailing party' is entitled to recover costs in any action or proceeding 'as a matter of right.' (§ 1032, subd. (b); see § 1033.5, subd. (c)(10)(A)-(C) . . . .)" (*Goodman v. Lozano, supra*, 47 Cal.4th at p. 1333.) Section 1032 provides that, "(a) . . . unless the context clearly requires otherwise: [¶] . . . [¶] (4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, *a defendant where neither plaintiff nor defendant obtains any relief*, and a defendant as against those plaintiffs who do not recover any relief against that defendant . . . ." (§ 1032, subd. (a)(4), italics added.) The term "defendant" includes a cross-defendant. (§ 1032, subd. (a)(2).)

Here, the trial court found that the text of section 1032, subdivision (a)(4) compelled it to name Bernstein the prevailing party on the cross-complaint. On appeal, Bernstein advances the same reasoning. We disagree. Although the trial court focused on the phrase, "a defendant in whose favor a dismissal is entered," as the italicized statutory text suggests, when a defendant files a cross-complaint against the plaintiff (the only mechanism by which a defendant may seek affirmative relief), but neither party obtains any relief, the *defendant* is deemed the prevailing party. This was the holding in *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450 (*McLarand*).

In *McLarand*, both plaintiff and defendant were denied relief on the complaint and cross-complaint they brought against one another, but the Court of Appeal rejected the

6

idea that both parties were "prevailing parties" entitled to costs. "The practical effect of such a result would be to conclude the prevailing party is the one who spends the most, for only that party would recover anything after the claims were offset. It is fundamental that a statute should not be interpreted in a manner that would lead to absurd results. [Citations.]" (*McLarand, supra*, 231 Cal.App.3d at p. 1453.) The court concluded: "Section 1032 provides that the definitions of defendant and plaintiff include a cross-defendant and cross-complainant, respectively, unless the context clearly requires otherwise. (§ 1032, subd. (a).) Clearly the context requires otherwise here. The phrase 'a defendant where neither the plaintiff nor the defendant obtains any relief' cannot be interpreted as McLarand urges. A defendant cannot obtain relief unless it files a cross-complaint against the plaintiff because affirmative relief cannot be claimed in the answer. (§ 431.30, subd. (c).) The statute, therefore, already contemplates that when neither the plaintiff nor the defendant who has filed a cross-complaint prevails, the defendant is the prevailing party entitled to costs." (*McLarand*, at p. 1454, italics omitted.) Thus, the court held that the phrase in section 1032, subdivision (a)(4), " 'a defendant where neither plaintiff nor defendant obtains any relief' compels the conclusion that a defendant in this context does not include the plaintiff as a cross-defendant." (*McLarand*, at p. 1455, fn. omitted.)

This reasoning applies equally here. Although the trial court ruled that Bernstein had achieved a litigation goal, an agreement on the easement, that goal was achieved during the judicial settlement conference in 2016, after which costs were waived by the parties. After the settlement, only Bernstein's trespass claim remained, and that claim was dismissed by the court[3] after Bernstein conceded before trial that he did not intend to

---

[3]     The parties disagree about whether the dismissal was pursuant to a motion for nonsuit or for judgment on the pleadings. No matter the nomenclature employed, there is

introduce evidence of a past or continuing trespass in need of injunctive relief.  That Sebring immediately thereafter dismissed his cause of action for declaratory relief as to his secondary easement rights is of no moment.  The critical facts are that the parties waived costs as to the claims resolved in the 2016 settlement, and neither Bernstein nor Sebring obtained any relief on the competing claims that survived the settlement.  This makes Sebring "a defendant where neither plaintiff nor defendant obtains any relief" under section 1032, subdivision (a)(4).  It also makes him the prevailing party.  (*Building Maintenance Service Co. v. AIL Systems, Inc.* (1997) 55 Cal.App.4th 1014, 1025 ["a defendant who defeats the plaintiff's claim on a complaint, but who recovers nothing on his [or her] cross-complaint against the plaintiff, is nevertheless a prevailing party entitled to its costs"].)

## DISPOSITION

The order of the trial court is reversed.  Sebring is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

                                                                   _____KRAUSE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MAURO_____, J.

---

no reasonable dispute that Sebring orally moved for dismissal of Bernstein's trespass cause of action, and that the trial court dismissed the claim.