[Civ. No. 9619.   Third Dist.   Nov. 24, 1959.]

FRED M. SLACK, Appellant, v. ISABEL MURRAY, as Administratrix, etc., Respondent.

Hilger & Thomas and Charles M. Thomas, Jr., for Appellant.

Mathews & Traverse and Edward F. Traverse for Respondent.

SCHOTTKY, J.—This is an appeal from an order denying a motion to vacate a judgment which was entered in favor

of the respondent, Isabel Murray, as administratrix of the estate of Daniel Joseph Flanigan, after the trial court ordered appellant's action dismissed when he and his attorney failed to appear in court at the time set for the trial of the action.

Fred M. Slack brought an action in the form of a common count against the administratrix to recover the sum of $40,074.24 for services allegedly performed at the special instance and request of the decedent. After the complaint was filed respondent made a demand for a bill of particulars. A bill was finally furnished 16 months after the demand was made. Thereafter a motion to preclude evidence was made by the respondent. The court held the bill of particulars to be insufficient but denied the motion to preclude evidence contingent upon the respondent being furnished a proper bill of particulars "setting forth all items of the account upon which his [appellant's] complaint is based in such manner that defendant [respondent] can properly prepare for trial." At this time the trial date was continued to 2 p.m., Friday, May 23, 1958.

A second bill of particulars was filed. This listed 10 separate items on which the claim was based. Respondent objected to the bill claiming that the bill was inadequate, particularly as to seven of the items. Again respondent asked that appellant be precluded from giving evidence. The court held that the bill of particulars was insufficient and another bill of particulars was ordered. The order dated May 9, 1958, provided in part: "This case is now set for trial on April 23d at 2:00 P.M." The court denied the motion to preclude evidence subject to the appellant furnishing the additional bill of particulars. A third bill of particulars was furnished respondent. On May 23, 1958, the cause was called for trial. No appearance was made for the appellant. The court then ordered that the default of the appellant be entered and judgment was entered in favor of respondent.

On May 27, 1958, a motion to vacate the judgment on the grounds provided for in section 473 of the Code of Civil Procedure (inadvertence, mistake, surprise, and excusable neglect) was made. The affidavit filed by appellant's attorney in support of the motion alleged that the matter was set for trial on April 25, 1958; that thereafter it was continued until May 23d; that a motion to preclude evidence was made on May 5, 1958, at which time the case was set for trial on April 23, 1958; that the court ordered a further bill of particulars which was furnished; that on May 23, 1958, the attorney for

the appellant was present at a bankruptcy hearing; that his associate was in Department One of the superior court; that shortly after the affiant learned that the respondent was in court he communicated with the trial judge to account for his absence; that the judge stated he would refer the matter to Department One to determine whether or not the case would be reset or moved to the foot of the calendar; that the attorney presumed the court had taken notice of the conflict and that no further action would be taken at that time; that because of the mistake and inadvertence of affiant appellant was not notified of the time and place of trial.

Affidavits in opposition to the motion to vacate were also filed. These admitted that the order of May 9, 1958, stated that the trial date was April 23, 1958; that the order also stated that the motion to preclude evidence was denied subject to the service of a proper bill of particulars at least 10 days prior to the trial date; that a bill of particulars was served on May 13, 1958; that counsel for respondent appeared in court on May 23, 1958, with witnesses, one of whom had traveled a long distance to attend; that counsel for respondent and the judge tried to contact counsel for the appellant, and after they learned that he was attending a bankruptcy hearing and would not appear counsel for respondent made a motion to dismiss. The second affidavit filed in opposition alleged that the appellant's attorney was notified on April 23, 1958, that the trial of the matter was continued to May 23, 1958, solely to afford the appellant an opportunity to comply with the demand for a bill of particulars; and that the motion for judgment was made on the ground that appellant was not present either in person or by his attorney and on the ground that no valid bill of particulars was furnished in compliance with the order of the court.

At the hearing of the motion to set aside the default judgment, the court stated in response to the argument of appellant's counsel:

"THE COURT: On your affidavit, you refer to the fact that I, Judge Wilkinson, did contact you by telephone and talk to you, and stated that I would refer it back to Department One and determine whether to set another date or put it at the bottom of the calendar. I just want the record to show when I did talk to you and ask you about it, you said you received this notice or order of May the 5th, which had the erroneous date in it, setting it for April the 23rd, and that you

did intend to contact the court to see exactly what date they meant. I then determined that maybe the court would know—Judge Watson was handling the case—maybe he would know whether or not you received proper notice, and that's why I said l'd refer it to Department One. But after that phone conversation Mr. Mathews then filed a document in the file showing that you were actually served with an order on April the 23rd.''

The court denied the motion and the issue upon this appeal is whether or not the court abused its discretion in refusing to grant the motion to vacate the judgment under the circumstances hereinbefore set forth.

The general rule is well stated in *Waybright* v. *Anderson*, 200 Cal. 374, at page 377 [253 P. 148]. as follows:

''Section 473 of the Code of Civil Procedure is a remedial provision and is to be liberally construed so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a subsisting cause of action or a substantial defense thereto an opportunity to present it. It is for this reason that appellate courts more readily listen to an appeal from an order refusing to set aside default than where the motion has been granted, since in such case the defaulting party may be deprived of substantial right. . . .''

No hard and fast rule can be laid down as to what constitutes an abuse of discretion. Each case must be judged upon its own factual situation, and in an appeal from an order denying a motion to vacate a default judgment, an appellate court will not disturb that ruling unless a clear case of abuse of discretion is shown.

However, as was said in the early case of *Bailey* v. *Taaffe*, 29 Cal. 422, at page 424:

''The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. . . .''

And as stated in *Lybecker* v. *Murray*, 58 Cal. 186, at page 189:

''. . . Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by

legal rules, to do justice according to law or to the analogies of the law, as near as may be. This is the rule as laid down and well stated in *Ex parte Hoge*, 48 Cal. 5, as also in *Ex parte Marks*, 49 *id.* 681. It must be exercised within the limitations above stated to promote substantial justice in the case. . . .''

■ And as stated in the more recent case of *Berry* v. *Chaplin*, 74 Cal.App.2d 669, at page 672 [169 P.2d 453] :

''. . . In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. . . .''

■ The record in the instant case reveals a most unusual situation, and it would appear that neither appellant nor respondent conducted the litigation with the diligence that should have been displayed. However, the fact remains that the case had been set for trial at 2 p. m., Friday, May 23d. Although all of the prior proceedings such as hearing of demurrers, motions to exclude evidence, and pretrial conference had taken place in Department One of the superior court, the cause was transferred to Department Two for trial. It is evident from the affidavit of Charles M. Thomas, Jr., counsel for appellant, that he was somewhat confused as to the time of trial, and that at the time the case came on for trial said counsel for appellant was present at a bankruptcy hearing in Eureka and Mr. Hilger, his associate, was engaged in a hearing on an injunction proceeding in Department One of the superior court. It is uncontradicted that when Mr. Thomas was informed that respondent was in court he communicated with the judge of Department Two and apprised him of the situation and was informed by the judge that he would refer the case back to Department One to determine whether to set another date or move it to the foot of the calendar. The judge did not communicate further with Mr. Thomas, nor did he refer the matter to Department One ; but the court did inform counsel for respondent that he had contacted Mr. Thomas and there was some confusion about the date of the trial and that appellant's counsel would not be present. Counsel for respondent insisted upon proceeding and called the court's attention to the fact that notice of the trial had been given and also stated to the court that no sufficient bill of particulars had been filed. Counsel for respondent then made a motion to enter the default of the plaintiff and for the dismissal of the action. The court granted the motion and judgment of dismissal was entered.

We believe that it was an abuse of discretion for the court to enter the default and order the action dismissed and that it was likewise an abuse of discretion to deny the motion to vacate the judgment. It is the policy of the law to dispose of litigation upon its merits, and we do not believe that under the circumstances shown in the instant case counsel for respondent should have moved for entry of appellant's default, nor that the court should have granted the motion without again communicating with Mr. Thomas and giving him an opportunity to appear.

We believe that it would have been a proper exercise of judicial discretion for either the court or counsel for respondent to have contacted counsel for appellant and to have informed him that the court would insist on proceeding with the trial and to have given said counsel an opportunity to appear; or the court could have ordered a brief continuance with the allowance of such costs as it deemed proper. While further delay in the trial might have resulted in delaying the closing of the estate, it should have been apparent to both the court and counsel for respondent that a dismissal of the action under the circumstances shown by the record here would undoubtedly result in much more delay because of the likelihood of an appeal.

Respondent argues that appellant suffered no prejudice from the dismissal of the action because a proper bill of particulars had not been submitted by appellant and a motion to preclude evidence would have been granted had the matter gone to trial. We cannot agree with this contention for several reasons: First, the bill of particulars was sufficient to permit the introduction of some evidence; and second, the question of how much the evidence of appellant would be limited by the contents of the bill of particulars filed was a matter to be determined when the evidence was offered. The record shows that appellant's action against respondent estate was to recover the sum of $40,074.24 for services alleged to have been rendered to decedent, and appellant filed an affidavit of merits in support of his motion to set aside the default judgment.

In view of the facts and circumstances shown by the record in the instant case, we do not believe that the term "judicial discretion" is broad enough to sustain the court's order granting the default judgment or its order denying the motion to set aside the default judgment, for as stated in *Jepsen* v. *Sherry,* 99 Cal.App.2d 119, at page 121 [220 P.2d 819, 822], the discretion to be exercised in such a case is "one controlled

by legal principles and is to be exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of . . . justice.''

The order appealed from is reversed.

Van Dyke, P. J., and Peek, J., concurred.