[Civ. No. 29728. Fourth Dist., Div. Two. Dec. 29, 1983.]

ELMER G. SMITH et al., Plaintiffs and Appellants, v.
ERNEST E. KRUEGER et al., Defendants and Respondents.

**Counsel**

Fred Crane and Alan L. Green for Plaintiffs and Appellants.

Casey & Munn and Ford Dent Munn for Defendants and Respondents.

**Opinion**

**MORRIS, P. J.**—Elmer and Lucile Smith have appealed from an order denying them the attorney's fees they incurred from litigation resulting from defendants' attempt to enforce the acceleration clause in a deed of trust on

their home. The sole issue is whether the adverse order constituted an abuse of discretion. We find it did and we reverse.

FACTS

Neither party disputes the following pertinent facts. Plaintiffs purchased their home from defendants in the fall of 1981. To cover the cost of this purchase, plaintiffs executed a promissory note for $31,500, secured by a deed of trust.

The deed of trust contained an acceleration clause (due on sale) which read: "If the trustor sells, conveys, or alienates the said property, or any part thereof, or any interest therein, any indebtedness or obligation secured hereby, irrespective of the maturity date expressed therein, at the option of the holder hereof, and without demand or notice, shall immediately become due and payable."

The same document also incorporated a unilateral attorney's fees clause from a fictitious deed of trust which read: "To protect the security of this deed of trust, trustor agrees . . . to pay all costs and expenses, including cost of evidence of title and attorneys' fees in a reasonable sum in any . . . action or proceeding in which beneficiary or trustee may appear, and in any suit brought by beneficiary to foreclose this deed."

Plaintiffs sold their home to a third party. About two months later, defendants sought to enforce the acceleration clause; they recorded a notice of default and an election to sell under the deed of trust.

Plaintiffs then brought an action for declaratory relief relying on *Wellenkamp* v. *Bank of America* (1978) 21 Cal.3d 943 [148 Cal.Rptr. 379, 582 P.2d 970], which prohibits an institutional lender from enforcing an acceleration clause upon the occurrence of an outright sale except where it is reasonably necessary to protect against impairment to the lender's security or the risk of default. (P. 953.) Although defendants were *private* lenders, plaintiffs sought an extension of *Wellenkamp* principles to their case.

Subsequently, the Supreme Court favorably ruled on the issue in *Dawn Investment Co.* v. *Superior Court* (1982) 30 Cal.3d 695 [180 Cal.Rptr. 332, 639 P.2d 974] and held *Wellenkamp* principles were equally applicable to private lenders. (PP. 700-702.) Cognizant of *Dawn Investment Co.,* and having never alleged either security impairment or a risk of default, defendants rescinded their notice and election to sell.

After the notice was rescinded, plaintiffs successfully moved for summary judgment; however, their attorney's fees incurred in prosecuting the action

were denied. The court entered an order which stated in pertinent part: "Each party is to bear their own fees as defendants rescinded their notice of default on May 15, 1982 and the court finds that there was no longer any necessity to proceed with this lawsuit on plaintiffs' part." This appeal followed.

## DISCUSSION

■ Preliminarily, we note that since the attorney's fees issue required a judicial determination "any order made with respect thereto is appealable as a final determination on a collateral matter, severable from the general subject of the litigation. [Citations.]" (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].) We therefore proceed to a discussion of the issue presented.

■ A party is generally precluded from recovery of attorney's fees, except where attorney's fees are specifically authorized by agreement or statute. (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 127-128 [158 Cal.Rptr. 1, 599 P.2d 83].) Civil Code section 1717 provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. . . . [¶] (b)(1) The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment. . . . [T]he prevailing party shall be the party who is entitled to recover costs of suit. [¶] (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." ■ Section 1717 was enacted to transform a unilateral contract right to attorney's fees into a reciprocal provision. As a statutory modification of unilateral attorneys' fees provisions, section 1717 was designed to accomplish mutuality of remedy. (E.g., *Reynolds Metals Co.* v. *Alperson, supra,* 25 Cal.3d at p. 128.)

■ Section 1717 was amended in 1981. Prior to that time, the prevailing party was narrowly defined as recipient of a favorable *final judgment.* (See Stats. 1968, ch. 266, § 1, p. 578.) "The current version of the statute, however, eliminates that definition and requires the trial court to determine who is the prevailing party, upon notice and motion by a party, regardless of whether the suit proceeds to final judgment. Under existing law, then, the court is given wide discretion in determining which party has prevailed on its cause(s) of action. Such a determination will not be disturbed on

appeal absent a clear abuse of discretion." (*Kruger* v. *Bank of America* (1983) 145 Cal.App.3d 204, 217 [193 Cal.Rptr. 322].)

■ In reviewing for an alleged abuse of discretion, we cannot substitute our opinion and thereby divest the superior court of its discretionary power, but rather we must determine whether the trial court exceeded " 'the bounds of reason, all of the circumstances before it being considered. . . .' " (*Slack* v. *Murray* (1959) 175 Cal.App.2d 558, 563 [346 P.2d 826].) ■ " 'Discretion in this connection means a sound judicial discretion, enlightened by intelligence and learning, controlled by sound principles of law, of firm courage combined with the calmness of a cool mind, free from partiality, not swayed by sympathy nor warped by prejudice nor moved by any kind of influence save alone the overwhelming passion to that which is just.' " (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 244, pp. 4235-4236.)

■ Plaintiffs are clearly within the purview of section 1717. Plaintiffs were the trustors named in the trust deed which incorporated the attorney's fees provision. (See Civ. Code, § 1717, subd. (a).)

Therefore, as vendors in the land sale contract, plaintiffs were compelled to protect their interest in the secured property from defendants' attempted enforcement of both the acceleration clause contained in the deed of trust and the attorney's fees provision incorporated therein. Plaintiffs were potentially liable for the full balance of the secured debt plus *attorney's fees* if defendants had prevailed. This clear liability invokes reciprocal considerations and leads us to conclude plaintiffs were properly entitled to avail themselves of section 1717. (See *Saucedo* v. *Mercury Sav. & Loan Assn.* (1980) 111 Cal.App.3d 309, 314-315 [168 Cal.Rptr. 552].)

Discussing at great length the appropriate standard of review, defendants imply that we are precluded from finding an abuse of discretion. This is simply false. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 244, p. 4235, and cases cited therein.)

Although the trial court retains considerable discretion in fixing the amount of attorney's fees, it was an abuse of discretion, in light of section 1717 and the unilateral provision in the deed of trust, to deny them completely. (Compare *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778, 786 [191 Cal.Rptr. 8, 661 P.2d 1088].) The statute specifies that "[t]he court, upon notice and motion by a party, *shall* determine who is the prevailing party, whether or not the suit proceeds to final judgment." (Civ. Code, § 1717, subd. (b)(1).) Having filed a properly noticed motion, after obtaining summary judgment, plaintiffs are entitled to have this action re-

manded so the trial court may declare them the prevailing party and exercise its discretion in fixing the amount of attorney's fees.

■ Moreover, the court erred in stating that plaintiffs had no reason to proceed with the lawsuit after defendants rescinded their notice of default. In light of the change in this area of the law and the uncertainty with respect to the impact of new law (see *Dawn Investment Co.* v. *Superior Court, supra,* 30 Cal.3d at pp. 698-702), plaintiffs were entitled to a final judgment to protect their pecuniary interest. In any event, the court's action in granting summary judgment after defendants rescinded their notice of default conflicts with the court's rationale for denying the fees.

Although plaintiffs could have dismissed their action without prejudice after defendants rescinded the notice of default (see Code Civ. Proc., § 581, subd. 1; *Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784-785 [176 Cal.Rptr. 104, 632 P.2d 217]), they were not required to do so. The bulk of plaintiffs' fees were incurred before the notice of default was rescinded, when defendants were attempting to enforce an automatic acceleration clause. Plaintiffs were entitled to prosecute their action to final judgment both to protect their rights *and* to recover the fees they had already incurred because of defendants' action.

■ "Although this court possesses the power to appraise and fix attorney['s] fees on appeal, the better practice is to remand the cause to the trial court for the determination of such fees." (*Schoolcraft* v. *Ross* (1978) 81 Cal.App.3d 75, 82 [146 Cal.Rptr. 57].) In making this determination, the trial court may properly consider the timing of the revocation of the notice of default, as well as the fact that although the legal principles underlying plaintiffs' action were significant, they were simultaneously being asserted in numerous other cases, if such be the fact.

The order denying attorney's fees is reversed and the matter is remanded to the superior court with directions to fix and award reasonable attorney's fees to plaintiffs as the prevailing parties under section 1717.

Kaufman, J., and Rickles, J., concurred.