Filed 3/3/22  Borja v. Equaltox CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PAOLA BORJA, | |
| Plaintiff and Respondent, | G059611 |
| v. | (Super. Ct. No. 30-2017-00916243) |
| EQUALTOX, LLC, et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from the judgment and postjudgment order of the Superior Court of Orange County, Sheila Fell, Judge.  Affirmed.

Portales Law and Alejandro Portales for Defendants and Appellants.

Wolder & Associates and Michael K. Wolder for Plaintiff and Respondent.

\*          \*          \*

Defendants Equaltox, LLC, and its owner Sulaiman Masood appeal from a judgment and postjudgment award of attorney fees in favor of plaintiff Paola Borja, who sued defendants for unpaid commissions owed under a contract that contained a prevailing party attorney fees provision. The judgment adopted the factual findings of a medical billing referee appointed by the trial court and ordered Equaltox, LLC, but not Masood, to pay Borja damages. The postjudgment award of attorney fees was against Equaltox, LLC, only.

On appeal, defendants assert the trial court should have found Masood was a prevailing party, that the award to Borja should be reversed, and that insufficient evidence supports the damages award. We affirm the judgment and postjudgment order.

I

FACTUAL AND PROCEDURAL HISTORY

A. *Bench Trial Resulting in Partial Damages Award to Borja*

In 2016, Borja entered into a contract with Equaltox, LLC (LLC) to market and sell medical laboratory testing services to health care providers. The LLC contracted to pay Borja commissions in an amount equal to 12.5 percent of gross revenues she generated and to allow her to inspect the LLC's financial records to verify the revenues. The contract contained an attorney fees provision entitling "the prevailing [p]arty [to an award of] its reasonable attorney's fees and costs" for any litigation between the parties based on the contract.

After the contract was signed, Borja worked with an LLC vice president to successfully establish a new client relationship for the LLC. Although Borja was aware of the volume of services the client ordered, she was not privy to the actual amount of payments the LLC received. Determing the total amount of payments received was complicated by the fact that the LLC's claims for payments in this case were typically

2

sent by a billing company hired by the LLC to an insurance company that would subsequently decide whether each claim would be paid, and in what amount.

After being paid $49,500, Borja asserted that the LLC owed her additional compensation for the new client account she had helped establish. The following year, Borja filed this action alleging violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.) and breach of contract. Her prayer for relief stated she was seeking damages "estimated to be in excess of $500,000." Defendants filed a joint answer generally denying all of Borja's allegations.

The following year, the parties conducted a bench trial over three days, two in August 2018 and one in May 2019. Borja argued in her trial brief she should receive $625,000 for unpaid commissions and also stated she was seeking treble damages under a statute she had not formally pleaded before trial.

After the second day of trial, the trial court ruled it would appoint a medical billing referee to analyze evidence and submit a report of findings.[1] Five months later, the referee submitted a report finding Borja had not been provided with sufficient data to calculate her total commission payments owed, that she was owed additional commissions, and that calculating the total was a "complicated and difficult question to answer." The report presented five different calculations for the additional amount owed, ranging between approximately $30,000 and $113,000. The different amounts varied primarily based on different assumptions about what percentage of the LLC's claims to payors (e.g., insurance companies) would actually be paid.

Three weeks after the referee's report was submitted, the trial court conducted a case review hearing. The referee provided oral testimony that the court received and assessed for its decisionmaking in this case.

---

[1] No party has raised any procedural challenges to the referee's assistance to the trial court.

Four months later, the third and final day of trial took place in May 2019. The court admitted the referee's report into evidence, took testimony from four witnesses, and heard closing arguments.

B. *The 2019 and 2020 Prejudgment Minute Orders*

Two months later, the trial court entered a July 2019 minute order adopting the second to lowest amount calculated in the referee's report for additional commissions owed to Borja: $42,132 (the 2019 order). The order stated the amount was owed by the LLC only; Masood was not found liable as an individual.

Subsequently, both Borja and the LLC filed competing proposed judgments and motions concerning prevailing party attorney fees. Both of their briefings discussed Civil Code section 1717, subdivision (b),[2] which provides in relevant part that "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract."

Although the record contains no reporter's transcript for the underlying hearing, the trial court entered a July 2020 minute order stating it had "considered all written documents filed by the parties and [heard] oral argument by both counsel" (the 2020 order). The order also stated the court made "no substantive changes to [its] original findings" in the 2019 order and that, "[p]ursuant to Code of Civil Procedure section 1032[, subdivision] (a)(4)[(the general costs statute), Borja was] determined to be the prevailing party."[3] The order did not address fees or costs.

---

[2] All further undesignated statutory references are to the Civil Code.

[3] The general costs statute states that a "'[p]revailing party' includes the party with a net monetary recovery." (Code of Civ. Proc., § 1032, subd. (a)(4).)

4

C. *Entry of Judgment and the 2021 Postjudgment Award of Attorney Fees to Borja*

Two months later, the trial court entered judgment in favor of Borja, holding only the LLC liable to Borja, incorporating the 2019 order as the court's statement of decision, and ordering the LLC to pay Borja $42,132 as damages.

Subsequently, Borja refiled a motion seeking an award of $187,082 in attorney fees. Defendants filed an opposition brief arguing they, and not Borja, should be awarded attorney fees and emphasizing the court's determination of prevailing party status should be made under section 1717 and not the general costs statute.

The trial court held a hearing three months later, resulting in the January 2021 postjudgment order from which defendants appeal, in addition to the judgment. During oral arguments, defendants' counsel asked the trial court whether its tentative ruling, which had indicated a partial award of Borja's requested fees, was based on section 1717 or the general costs statute. The judge advised she could not recall as she was conducting the hearing but also later stated she had understood the oral arguments and read the parties' briefing carefully.

During the hearing, defendants' counsel reiterated his trial court briefing argument that Borja's motion should be denied based upon section 1717 and its interpretation under the seminal case of *Hsu v. Abbara* (1995) 9 Cal.4th 863 (*Hsu*). Specifically, counsel argued that Borja should not be deemed the prevailing party because the amount of damages awarded meant she had only achieved compensation equaling "at best" eight percent of what she had sought in her complaint, and even less than what she subsequently asserted in her trial briefing and during settlement negotiations.

At the conclusion of the hearing, the trial court adopted its tentative ruling as final and awarded Borja $128,535 in attorney fees payable by the LLC.[4] The court's 2021 minute order for the hearing does not specify the statutory basis for the award.

## II

## DISCUSSION

Defendants assert three contentions on appeal: (1) the trial court should have found Masood to be a prevailing party; (2) the court's award of prevailing party attorney fees should be reversed based on section 1717; and (3) the judgment's damages award is not supported by substantial evidence because of faulty premises in the court-appointed referee's findings. The trial court did not err.

A. *Masood's Entitlement to Prevailing Party Status is Not Before This Court*

In support of this claim on appeal, defendants provide one citation to the appellate record showing that eight months before the trial court's judgment, they filed a motion requesting the court to find Masood the prevailing party against Borja's claims, among other issues.

The appellate record provides no basis to determine  whether the absence of a ruling on defendants' motion in the trial court's 2020 order reflects a failure to make a ruling on the motion or a deferral of a ruling on Masood's request to be found a prevailing party. While the tentative ruling for the hearing underlying the order indicated both Borja and Masood were prevailing parties, defendants failed to submit for the record on appeal any reporter's transcript of the hearing that would demonstrate why  the final order does not address Masood's claims. However, the record does include the transcript for the subsequent hearing addressing the 2021 postjudgment award of attorney fees for

---

[4]  The reasonableness of the amount awarded is not at issue on appeal.

6

Borja. During that hearing, defendants explicitly agreed with the court that Masood's status as a prevailing party was not at issue and that a motion on the point would be required.

Defendants' counsel later revisited the issue during the hearing when he asserted Masood was the prevailing party, but qualified the position by stating "we'll be coming back to that one separately," affirming it was Borja's request for fees at issue for that hearing and that would be at issue on appeal. (See Cal. Rules of Court, rule 3.1702(d) ["trial judge may extend the time for filing a motion for attorney's fees"].) Based on this record, there is no order from which Masood could appeal.

B. *Defendants Have Not Demonstrated Error With Respect to the Attorney Fees Award*

Next, Defendants contend the trial court erred because it based its 2021 postjudgment award of attorney fees to Borja on the general costs statute instead of section 1717. A trial court's decision on prevailing party status under section 1717 is generally reviewed for abuse of discretion. (*DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 973 (*DisputeSuite*).) "'The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria. "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .' Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion."'" (*Bank of America, N.A. v. Superior Court* (2013) 212 Cal.App.4th 1076, 1089.) "It is an abuse of discretion to apply the wrong legal standard." (*Ibid.*)

Defendants argue the court failed to base its award on section 1717 by relying on three points in the appellate record: a finding in the court's 2020 minute order based on the general costs statute, the 2021 final award's silence as to what statute it was

based on, and an oral statement by the trial judge during the award hearing. We conclude defendants have not carried their burden to show error.

      1. The record does not demonstrate legal error.

We apply to defendants' contention "three fundamental principles of appellate review: (1) a judgment [or order] is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) We generally affirm or reverse exercises of discretion based on the results, not the reasons (*Knapp v. AT&T Wireless Services, Inc.* (2011) 195 Cal.App.4th 932, 939), and reverse only where error resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

Defendants rely on the trial court's 2020 minute order finding Borja to be the prevailing party under the general costs statute. Defendants argue the preliminary citation to the statute at that time demonstrates that the court's award of Borja's attorney fees five months later, based on the parties' postjudgment briefing, relied on the general costs statute because the final order did not explicitly mention section 1717.

This argument invites us to make two assumptions, neither of which is supported by the record. First, it presumes that the trial court's citation in its minute order was the sole basis for its final ruling, after briefing and argument. Second, it presumes that a determination on Code of Civil Procedure section 1032 necessarily precludes a further determination under section 1717. This is not the case. A court is free, if the record supports its determination, to make separate rulings under each section; those rulings may be the same, or they may be in conflict, but one does not necessarily preclude the other. (See, e.g., *McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456 (*McLarand*) [prevailing party under the

8

two statutes involve separate determinations].) Defendants' reliance on the court's 2020 citation to the first statute does not show that the court ignored the second statute in 2021.

Both parties briefed section 1717 for the 2021 hearing on Borja's request for attorney fees[5] and the trial court indicated it had considered the briefing and the oral arguments of the parties. The court's comment during the hearing that it did not recall whether it intended to rely on the general costs statute or section 1717 does not demonstrate that the court failed to exercise its discretion in making its final order. (See *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268 ["There are instances in which a court's oral comments may be valuable in illustrating the trial judge's theory, but they may never be used to impeach the order or judgment on appeal"]; see *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633 ["a judge's comments in oral argument may never be used to impeach the final order"].)

2. The record does not demonstrate an abuse of discretion.

The result of the attorney fees award does not transgress the applicable boundaries set by section 1717, subdivision (b)(1). "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109 (*Scott*); *Hsu, supra*, 9 Cal.4th at pp. 875-876; accord *DisputeSuite, supra*, 2 Cal.5th at p. 973.)

"[T]he trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as

---

[5] As noted, defendants' briefing on Borja's fees request emphasized that the determination of prevailing party status should be made under section 1717 and not the general costs statute. Defendants asserted in their opposition that Borja was "selectivitely cit[ing] parts of [the two statutes to] create[] a Frankensteinian argument which follow[ed] neither of [the two] laws as intended."

9

disclosed by the pleadings, trial briefs, opening statements, and similar sources.  The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'"  (*Hsu, supra*, 9 Cal.4th at p. 876.)

To determine litigation success, "courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'"  (*Hsu, supra*, 9 Cal.4th at p. 877.)  "For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective."  (*Ibid.*)

"In reviewing a trial court's exercise of discretion to determine the prevailing party under section 1717, appellate courts 'are required to uphold a reasonable ruling *even if we might not have ruled the same way and a contrary ruling would also be sustainable*.'"  (*DisputeSuite, supra*, 2 Cal.5th at p. 979, quoting *In re Tobacco Cases I* (2013) 216 Cal.App.4th 570, 578.)  Defendants accurately assert that the damages awarded to Borja in this case equals just under seven percent of what she claimed in her complaint and that the percentage drops further when compared to her subsequent assertions of contract and treble damages at trial.  These facts do not require a determination that the court's attorney fees award to Borja amounted to an abuse of discretion under section 1717.

We determine whether the trial court's decision to award Borja her attorney fees transgressed the applicable confines of discretion under section 1717's operative phrase:  "the party who recovered a greater relief in the action on the contract."  (*Id.*, subd. (b)(1).)  We will disturb that exercise of discretion "only if there has been a clear showing of an abuse of that discretion.  (See *Nasser v. Superior Court* (1984) 156 Cal.App.3d 52; *Smith v. Krueger* (1983) 150 Cal.App.3d 752, 756-757.)" (*McLarand, supra*, 231 Cal.App.3d at p. 1456.)

10

We conclude it was within the trial court's discretion to decide that Borja achieved greater relief because she succeeded in proving all elements necessary to obtain a judgment on her contract claim. (*Hsu, supra*, 9 Cal.4th at p. 876.) The court also reasonably could have concluded that Borja achieved her main litigation objective to be paid additional compensation for her work performed and that the LLC did not achieve its objective of not owing Borja any compensation. (*Id.* at p. 877.) In sum, the trial court did not abuse its discretion because Borja achieved greater relief compared to the LLC.

To the extent defendants invite us to conclude the trial court erred based on any equitable considerations in the LLC's favor, they have only discussed settlement negotiations that should not have factored into the court's decision. (See *Marina Pacifica Homeowners Assn. v. Southern California Financial Corp.* (2018) 20 Cal.App.5th 191, 204 ["We reject the notion that any of the settlement communications constitute 'pleadings, trial briefs, opening statements, and similar sources' that *Hsu* tells us the trial court is to use to compare the relief awarded on the contract with 'the parties' demands on those same claims and their litigation objectives'"].)[6]

In sum, defendants have not shown the trial court's award of attorney fees was based on legal error or otherwise amounted to an abuse of discretion under section 1717. The record supports a conclusion that Borja achieved sufficient litigation success to justify an award of attorney fees. (See *Ajaxo Inc. v. E*Trade Group Inc.* (2005) 135 Cal.App.4th 21, 59, fn. 35 [holding trial court did not abuse discretion in finding plaintiff to be prevailing party despite damages award amounting to just under seven percent of what plaintiff had sought through its pleadings].) It is not our role to disagree

---

[6] No statutory offers to compromise made under Code of Civil Procedure section 998 are implicated in this case. (See *Scott, supra*, 20 Cal.4th at pp. 1111-1112, 1114-1115 [parties' entitlements to attorney fees incurred before and after statutory settlement offers to compromise made under Code of Civil Procedure section 998 are based on that statute, independent of section 1717].)

11

with the trial court's decision when the record supports it. (*DisputeSuite, supra*, 2 Cal.5th at p. 979.)[7]

C. *The Appellate Record Forecloses Substantial Evidence Review*

Finally, defendants contend the judgment should be reversed because its damages award is not supported by substantial evidence. According to defendants, the damages amount is based on the trial court's adoption of incorrect findings made by the court-appointed medical billing referee. The record before us does not support those claims.

As noted, the referee's report findings adopted by the trial court had presented five different amounts of additional commissions owed to Borja. The calculations were the products of assumptions about five categories of information, including a payment rate category that represented the percentage of LLC's payment claims for services rendered that resulted in actual payments received by the LLC. In their appellate briefing, defendants argue that three of the categories—including the payment rate category—were based on information directly contradicted by Masood's testimony on the final day of trial.

Defendants' substantial evidence challenge fails because the partial appellate record they have provided is insufficient to assess the merits of their challenge. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [""""if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed"""""].)

---

[7] We need not discuss defendants' request for us to direct the trial court to enter an order finding defendants to be the prevailing parties, given our earlier conclusion about Masood's appellate assertion for his own prevailing party status and our affirmance of the trial court's award of attorney fees in favor of Borja as against the LLC.

12

"'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. *If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.*'" (*Jameson v. Five Feet Restaurant, Inc.* (2003) 107 Cal.App.4th 138, 143.) As a corollary rule, appellants must discuss all evidence on the point being challenged for insufficient evidence, not just evidence favorable to their position. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 [where appellants contend "'some particular issue of fact is not sustained, they are required to set forth in their brief *all* the material evidence on the point and *not merely their own evidence*'"].)

In this case, appellants have not included portions of trial testimony by Borja and Masood, as well as the entire testimony of the chief executive officer of the billing company the LLC had hired to submit at issue claims to insurance companies for payment. "'In a substantial evidence challenge to a judgment, the appellate court will "consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.]" [Citation.] We may not reweigh the evidence and are bound by the trial court's credibility determinations. [Citations.] Moreover, findings of fact are liberally construed to support the judgment.'" (*In re Marriage of Ciprari* (2019) 32 Cal.App.5th 83, 94.) Based on the standard of review, the record submitted is insufficient to demonstrate that there is insufficient evidence supporting the referee's report findings adopted by the court; the record does not permit a conclusion the court's judgment is not supported by substantial evidence.

13

III

DISPOSITION

The judgment and postjudgment award of attorney fees are affirmed. Borja is entitled to her costs on appeal and may file a motion for attorney fees on appeal in the trial court.


ZELON, J.*

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

14